```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Plaintiff,                 )
                                    )   Criminal Action
v.                                  )   No. 1:21-cr-10256-RWZ-1
                                    )   Pages 1 to 15
KINGSLEY R. CHIN, et al.,           )
                                    )
         Defendants.                )
                                    )


            BEFORE THE HONORABLE M. PAGE KELLEY
               UNITED STATES MAGISTRATE JUDGE


                   FINAL STATUS CONFERENCE
                      (Digital Recording)


                        June 28, 2023



           John J. Moakley United States Courthouse
                      One Courthouse Way
                 Boston, Massachusetts 02210




                     Linda Walsh, RPR, CRR
                    Official Court Reporter
           John J. Moakley United States Courthouse
                      One Courthouse Way
                 Boston, Massachusetts 02210
                     lwalshsteno@gmail.com
```

```
 1    APPEARANCES:

 2    On Behalf of the Government:

 3         UNITED STATES ATTORNEY'S OFFICE
           By: AUSA Patrick M. Callahan
 4         One Courthouse Way, Suite 9200
           Boston, Massachusetts 02210
 5         617-748-3100
           patrick.callahan@usdoj.gov
 6
      On Behalf of the Defendant Kingsley R. Chin:
 7
           POLLACK SOLOMON DUFFY LLP
 8         By: Barry S. Pollack, Esq.
               Joshua L. Solomon, Esq.
 9         31 St. James Avenue, Suite 940
           Boston, Massachusetts 02116
10         617-439-9800
           bpollack@psdfirm.com
11         jsolomon@psdfirm.com

12    On Behalf of the Defendant Aditya Humad:

13         FICK & MARX LLP
           By: William W. Fick, Esq.
14             Daniel N. Marx, Esq.
           24 Federal Street, 4th Floor
15         Boston, Massachusetts 02110
           857-321-8360
16         wfick@fickmarx.com
           dmarx@fickmarx.com
17

18

19

20

21

22

23           Proceedings recorded by sound recording and
               produced by computer-aided stenography.
24

25
```

|        |                                                                                      |
|--------|--------------------------------------------------------------------------------------|
| 1      | P R O C E E D I N G S                                                                |
| 2      | THE COURT:  Okay.  Good morning, everyone.                                           |
| 3      | THE CLERK:  Good morning, Judge.                                                     |
| 4      | MR. CALLAHAN:  Good morning, Your Honor.                                             |
| 02:45 5 | MR. SOLOMON:  Good morning, Judge.                                                   |
| 6      | THE CLERK:  Today is Wednesday, June 28th, 2023.  We are now on the record in criminal case number 21-10256, United States versus Chin, et al., the Honorable M. Page Kelley presiding. |
| 02:46 10 | Would counsel please identify themselves for the record.                          |
| 12     | MR. CALLAHAN:  Good morning, Your Honor.  Patrick Callahan for the United States.    |
| 14     | THE COURT:  Okay.  Good morning, Mr. Callahan.                                       |
| 02:46 15 | MR. FICK:  Good morning, Your Honor.  William Fick and Daniel Marx for Mr. Humad. |
| 17     | THE COURT:  All right.  Good morning.                                                |
| 18     | MR. SOLOMON:  Good morning, Your Honor.  Josh Solomon and Barry Pollack for SpineFrontier and Dr. Chin. |
| 02:46 20 | THE COURT:  All right.  Good morning.                                              |
| 21     | So this is the final status conference.  How are we doing?                          |
| 23     | MR. CALLAHAN:  Your Honor, this is -- for the government, I think we're doing well.  The parties were working |
| 02:46 25 | through some discovery disputes.  We exchanged letters, I guess |

       1    starting back in February, trying to narrow some issues.  The

       2    government produced -- had made a few productions since that

       3    time.  So I think -- I just figured it would be helpful for the

       4    parties to get in front of the Court maybe just to set, you

02:47   5    know, a hard deadline to have the discovery motions filed and

       6    for the government to respond.  I think the parties had a few

       7    times before agreed to some dates that discovery motions would

       8    be filed.  Those have come and gone, but I think we're on the

       9    way to working towards, you know, resolving what we can resolve

02:47  10    and teeing up what we might need some help from the Court with.

      11    So we had just the thought of maybe just setting a deadline for

      12    those discovery motions and responses and then we could move

      13    from there.

      14             THE COURT:  Okay.  Any comment from defense counsel?

02:47  15             MR. FICK:  I mean, I think essentially that's right.

      16    There's a lot of discovery here, I think north of two million

      17    pages.  You know, there's a good index from the government, but

      18    it's a lot to work through.  We've been in the case for a while

      19    but we're successor counsel and, you know, it's a process.

02:47  20             We do have at least one discovery motion that's close

      21    to being ready to file.  I think I'll probably let Mr. Pollack

      22    and Mr. Solomon speak to that.  They have the laboring oar.

      23    But, you know, we do expect there will be some matters at least

      24    for the Court to address.

02:48  25             THE COURT:  Okay.  But when?

|          |    |                                                                  |
|----------|----|------------------------------------------------------------------|
|          |  1 | MR. FICK: I'll defer to my co-counsel on that                    |
|          |  2 | question, I think, in the first instance.                        |
|          |  3 | THE COURT: Okay. Mr. Solomon.                                    |
|          |  4 | MR. SOLOMON: Sure. Thank you, Your Honor. We're                  |
| 02:48    |  5 | pretty far along with the motion that's in the works.            |
|          |  6 | Actually, the biggest piece outstanding is a declaration, a      |
|          |  7 | company that we're working on retaining.                         |
|          |  8 | But I think within -- within the next couple of weeks,           |
|          |  9 | two weeks or so, we should be in a good position to be able to   |
| 02:48    | 10 | file that with the Court. We do have one, just one open issue,   |
|          | 11 | I think, that we might be able to just get an answer to here.    |
|          | 12 | We realized it after we were getting ready for today's           |
|          | 13 | conference. The last status -- joint status report, the          |
|          | 14 | government stated that it anticipates producing additional       |
| 02:49    | 15 | discovery.                                                       |
|          | 16 | There was a production actually that day, the same               |
|          | 17 | day, a status report. I don't know which came first. So we do    |
|          | 18 | have just one question about whether the government considers    |
|          | 19 | itself to be done or whether more is coming because that could   |
| 02:49    | 20 | affect the overall schedule, of course.                          |
|          | 21 | MR. CALLAHAN: Sure, I'd be happy to answer that, Your            |
|          | 22 | Honor. Yeah, Mr. Solomon, so we have -- I think there was one    |
|          | 23 | more phone report that the government wanted to get out to       |
|          | 24 | defense, and we had exchanged some letters about it and we had   |
| 02:49    | 25 | taken the position that while we weren't required to do          |

1  everything that we were being asked, we were just going to
2  produce it to avoid any litigation.  So we were told -- I was
3  told that we would be in a position to get that out this week.
4  But I think, other than that, that would be all that we have
02:49  5  left, obviously, other than supplemental materials that come to
6  our attention later.  But yeah, that one last telephone report,
7  or Cellebrite report, one of the cell phones, is coming your
8  way.
9              MR. SOLOMON:  Thank you.
02:50 10              THE COURT:  Okay.  All right.  So how about if we file
11  the almost finished discovery motion by July 19th.  The
12  government has until August 8th to respond.
13              And then I would like to set a further final status
14  for August 14th and hopefully we'll have a hearing on that.
02:50 15  How are those dates?
16              MR. POLLACK:  Can I ask one question, because I may be
17  carrying the laboring oar of this through the holiday weekend
18  on the motion, but if the government is producing some more
19  documents or it sounds like one report, it would be helpful to
02:50 20  know that we have two weeks after that just to sort of finalize
21  anything in case it affects anything that's in our motion.  Do
22  we know if we are getting that report?
23              THE COURT:  So I think --
24              MR. CALLAHAN:  Can I ask this --
02:50 25              THE COURT:  Go ahead.

1          MR. CALLAHAN:  I mean, I think the letters sort of
2    identified what we have exchanged.  I think they've been
3    productive.  I think what we would suggest is why don't we -- I
4    think those dates sound great, but one thing I may ask the
5    Court is that, just given that we have some people disappearing
6    for the beginning of August, if we could get another week for
7    the government's response.  But, you know, if defense counsel,
8    you know, gets that motion in in three weeks, obviously if
9    there's any issue raised by the final Cellebrite report related
10   to the last phone, you know, we would not -- obviously, they
11   would be free to raise that, you know, whenever it came to
12   their attention.
13         But just so we don't drag it out any longer, you know,
14   if defense counsel's motions on what's been produced thus far
15   are due the 19th and if we could get one more week to respond,
16   and then obviously if something comes up that Mr. Pollack or
17   Mr. Solomon, you know, want to address something that's in this
18   last report, the government certainly doesn't have an issue.
19         MR. POLLACK:  Your Honor, do we know when that report
20   is coming?  I'm sorry if I missed it when Mr. Callahan was
21   speaking.
22         MR. CALLAHAN:  I was told today that we would have it
23   this week.  I thought it would have gone out already, but I can
24   check on that.
25         MR. POLLACK:  If we get it this week -- I'm sorry.  If

|    |    |
|---|---|
| 1 | we get it this week, July 19th is not a problem.  Then we get |
| 2 | into July 4th week, and I'm just afraid that we really aren't |
| 3 | turning to this fully until July 10th.  Is that the Monday, I |
| 4 | think?  So I -- if we can have the government getting us the |
| 02:52  5 | report this week, it may help Mr. Callahan with any agents who |
| 6 | work with him to know that there's a deadline.  If we get that |
| 7 | report, we have no problem with them having three weeks to |
| 8 | respond instead of two. |
| 9 | THE COURT:  So can I -- |
| 02:52 10 | MR. CALLAHAN:  Your Honor, the only thing, just so I'm |
| 11 | clear on what I was saying, just because I don't want to hold |
| 12 | anything up or I don't want to hold them up, but I mean, |
| 13 | anything that would arise -- I'm not sure what it would be, but |
| 14 | anything that should arise from the last report, the last phone |
| 02:53 15 | report, I mean, we would not -- if they needed to file |
| 16 | something later, we would not object to that.  We just want to |
| 17 | have -- if we could leave this conference with, you know, a |
| 18 | firm deadline for responses as to any issues raised thus far, I |
| 19 | think that would just set the parties on a path to moving this |
| 02:53 20 | forward. |
| 21 | MR. POLLACK:  So maybe a simple solution is just to |
| 22 | give us until July 26th and some of the dates Mr. Callahan |
| 23 | talked about affected him on that back end, and then give him |
| 24 | three weeks from then.  That gives the government an extra week |
| 02:53 25 | to get us this report.  It gives us time after July 4th.  So |

|         |    |                                                                      |
|---------|----|----------------------------------------------------------------------|
|         | 1  | could we work off of July 26th instead of July 19th, Your            |
|         | 2  | Honor?                                                                |
|         | 3  | THE COURT:  Okay.  Let me just ask, what is in the                   |
|         | 4  | last Cellebrite report from the phone?  Is that one of the           |
| 02:53   | 5  | defendants' phones?                                                  |
|         | 6  | MR. CALLAHAN:  It's not.  It's a third-party phone.                  |
|         | 7  | It's a cooperating witness.  And the two -- the two -- there         |
|         | 8  | were -- the major phone from that cooperating witness has            |
|         | 9  | already been produced.  Defense has all that.  And this is the       |
| 02:54   | 10 | last one coming through.  It's -- there's going to be much less      |
|         | 11 | on it than was on the earlier phones.                                |
|         | 12 | THE COURT:  Okay.  So let's just say this:  First of                 |
|         | 13 | all, the case has to go up soon.  It's just -- I know we've had      |
|         | 14 | some change of counsel, but it's just too old.  And I don't          |
| 02:54   | 15 | know if you are aware of it, but the Court has had a renewed         |
|         | 16 | emphasis on not delaying cases in front of magistrate judges         |
|         | 17 | any longer.  Like, during COVID I think we all kind of relaxed       |
|         | 18 | and just kept cases as long as people wanted us to, but that's       |
|         | 19 | coming to an end now.                                                |
| 02:54   | 20 | So let's just say -- Mr. Callahan, what was your date                |
|         | 21 | for getting the information to defense counsel about the phone?      |
|         | 22 | MR. CALLAHAN:  I was told it would be ready this week,               |
|         | 23 | Your Honor.  That was the last report I had.                         |
|         | 24 | THE COURT:  Okay.                                                    |
| 02:55   | 25 | MR. CALLAHAN:  But I don't -- again, that's -- there's               |

always a difference between when they're done either reviewing it and getting it ready and when you actually put it on a hard drive and send it out.

THE COURT: So let's get it to defense counsel by July 10th, and try to hold to that date, please. And then I'm going to give defense counsel three weeks, until July 31st, to file any discovery motions. And obviously, if there's something really critical in the last discovery, I would urge you to just go ahead and file what you have for discovery motions, and I'll let you have a little more time to file on the last discovery that you received, but let's -- let's get the bulk of it in by July 31st, and hopefully all of it, and then that will give the government until August 14th to respond. And then we'll give -- I'm just going to go ahead and give the defense until August 28th to file a reply if you wish. And then I'm going to set the final, final, final status conference for September 13th, if people are available then. I may be on trial, so why don't we say 3:30 p.m. by Zoom. If you don't need to have it -- well, I guess I'm going to need to rule on the discovery motions, but hopefully if everything is in by August 28th, I may try to schedule something sooner than September 13th for a hearing, especially if that trial is going, but we'll just see how we're doing. But let's say September 13th, 3:30 for a final status conference. I'm going to exclude the time and --

MR. POLLACK: Your Honor?

|  |  |
|---|---|
| 1 | THE COURT: Yes, go ahead. |
| 2 | MR. POLLACK: Just as notice to the Court, I have a |
| 3 | jury trial the month of September. I wouldn't expect that to |
| 4 | slow anything down, and Mr. Solomon would be able to take the |
| 02:57  5 | lead. If I get more information about my trial, that the jury |
| 6 | is leaving at 4:00, is it completely contrary to the Court's |
| 7 | schedule, if there were an opportunity for me to at least be |
| 8 | participating, if a 4:15 works and I take it from the state |
| 9 | courthouse, would it be too presumptuous to make the request to |
| 02:57 10 | the Court? |
| 11 | THE COURT: It's no problem. Just contact Mr. Vieira. |
| 12 | We'll adjust the time. No problem. |
| 13 | MR. POLLACK: I'll obviously talk to Mr. Callahan |
| 14 | first. I wanted to know now rather than later if I should even |
| 02:58 15 | contact the Court if something like that could be done. |
| 16 | THE COURT: Absolutely. |
| 17 | MR. POLLACK: But I appreciate it, Your Honor. Thank |
| 18 | you, Your Honor. Thank you. |
| 19 | THE COURT: Happy for you to contact. So it looks to |
| 02:58 20 | me like this is going to be a trial. Do you think so, |
| 21 | Mr. Solomon, et al.? |
| 22 | MR. FICK: Yes. |
| 23 | MR. SOLOMON: Yes, I think so, Your Honor. |
| 24 | THE COURT: Okay. And any idea if a trial were to be |
| 02:58 25 | scheduled when you might be ready to go? I know we're busy -- |

|   |   |
|---|---|
| 1 | Mr. Solomon is busy in September, but are you looking for a |
| 2 | trial after September, say, sometime or soon after September? |
| 3 | MR. SOLOMON:  We're not in the same room unfortunately |
| 4 | and he can't see that I'm looking at him.  I know Mr. Pollack |
| 02:58 5 | has a sequence of trials, not only the September one, so, you |
| 6 | know. |
| 7 | MR. POLLACK:  I have not had the sequence I have set |
| 8 | right now in years.  I don't know how much of it is realistic. |
| 9 | The September one is.  It's a retrial.  We actually -- lesson |
| 02:59 10 | for everybody.  We lost too many jurors, some to COVID, and |
| 11 | after four weeks of trial, we slipped down to five and knew we |
| 12 | were going down to four a few days later.  So that one is |
| 13 | really happening in September.  Yes, it was a -- |
| 14 | THE COURT:  Was it a criminal trial? |
| 02:59 15 | MR. POLLACK:  No.  It was actually a civil trial.  And |
| 16 | it was -- a lot was done to try to retain jurors we were losing |
| 17 | towards the end.  We let the first two go too easily.  We could |
| 18 | have suspended for a few hours and kept a couple.  So lesson |
| 19 | learned on that.  Don't think they're all going to remain, |
| 02:59 20 | right?  So that one is real. |
| 21 | The other ones may be more like the typical past.  I |
| 22 | don't know where we are post COVID. |
| 23 | THE COURT:  So never mind about when you might be able |
| 24 | to try the case.  But we'll try to figure that out.  Okay. |
| 02:59 25 | So -- |

|  |  |
|---|---|
| 1 | MR. CALLAHAN: And, Your Honor, could I ask one -- |
| 2 | actually two questions. First, just on the government reply, I |
| 3 | think we had asked if we could get -- just because August gets |
| 4 | a little tricky with having people in the office, and I know my |
| 03:00  5 | colleagues are not on the line participating. But if we could |
| 6 | get just one more week for that reply just to make sure we have |
| 7 | people around and have coverage, that would be helpful. I |
| 8 | don't think that needs to affect -- |
| 9 | THE COURT: August 14th, so the 21st? |
| 03:00 10 | MR. CALLAHAN: So the 14th to the 21st, yeah. |
| 11 | THE COURT: So August 21st is government's response, |
| 12 | and then we'll push out the reply to -- I am losing track of my |
| 13 | months here. Why don't we just say if there's any reply you'll |
| 14 | file it by September 7th. How's that? |
| 03:00 15 | MR. CALLAHAN: That's perfect, Your Honor. |
| 16 | MR. SOLOMON: Fine with us, Your Honor. |
| 17 | THE COURT: Okay. All right. So -- and I really want |
| 18 | to wrap up the motions on the 13th. So -- and we'll set |
| 19 | also -- probably set a timetable for dispositive motions and |
| 03:01 20 | get you up to the District Court. |
| 21 | Okay. So anything else today? |
| 22 | MR. SOLOMON: Your Honor, just to be clear, we should |
| 23 | consider the September 13th a final, final status and a hearing |
| 24 | on the discovery motion? |
| 03:01 25 | THE COURT: Yes. |

```
     1              MR. SOLOMON:  Okay.  Thank you.
     2              THE COURT:  Great.  Okay.  All right.  So thank you
     3    very much, everyone.
     4              And Leo, I'll just stay on the line because we have
03:01 5    people waiting.  Okay.  Thanks.
     6
     7
     8
     9
    10
    11
    12
    13
    14
    15
    16
    17
    18
    19
    20
    21
    22
    23
    24
    25
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3           I, Linda Walsh, Registered Professional Reporter
 4  and Certified Realtime Reporter, in and for the United States
 5  District Court for the District of Massachusetts, do hereby
 6  certify that the foregoing transcript is a true and correct
 7  transcript of the audio-recorded proceedings held in
 8  the above-entitled matter, to the best of my skill and ability.
 9           Dated this 20th day of July, 2023.
10
11
12
13                /s/ Linda Walsh
14                Linda Walsh, RPR, CRR
15                Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```