UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KINGLEY R. CHIN,<br>ADITYA HUMAD, and<br>SPINEFRONTIER, INC.,<br>   *Defendants*. | No. 1:21-cr-10256-IT |

**DEFENDANTS' MOTION TO PROVISIONALLY SEAL THEIR MOTION TO RECONSIDER THAT ASPECT OF THE COURT'S MEMORANDUM AND ORDER DATED JULY 3, 2024 THAT DENIED AN *IN CAMERA* INSPECTION OF CERTAIN GRAND JURY TRANSCRIPTS, AND INCORPORATED MEMORANDUM OF LAW**

Defendants request leave to file provisionally under seal their Motion to Reconsider that Aspect of The Court's Memorandum and Order Dated July 3, 2024 That Denied an *In Camera* Inspection of Certain Grand Jury Transcripts, and Incorporated Memorandum of Law. As grounds for this motion for provisional sealing, Defendants state that the Motion addresses the Court's July 3, 2024 Memorandum and Order, which is currently under seal.

For reasons detailed elsewhere, *see*, *e.g.*, D.E. 183, Defendants have sought to unseal that Memorandum and Order, and object generally to blanket sealing of grand jury material in this post-indictment setting. Among other things, as set forth in their motion to unseal, Defendants are concerned that the government's position as to sealing grand-jury matters in a post-indictment setting limits the Defendants' ability to make clear and comprehensives arguments, and to state their positions in a public forum, on issues of public importance, despite Fed. R. Crim. P. 6(e)(2)(A) making clear that no obligation of secrecy over grand-jury matters may be imposed on defendants. Indeed, the fact that Defendants are being required to seek to file their

Motion for Reconsideration under seal exemplifies the burdens that undue sealing causes, with sealing begetting further sealing.

Nevertheless, given the government's position and the fact that the subject of the Motion for Reconsideration currently remains under seal, Defendants seek in an abundance of caution to seal their Motion for Reconsideration provisionally until the Court rules on the motion to unseal.

Defendants will provide the proposed sealed Motion to the Clerk.

Respectfully submitted,

**KINGSLEY CHIN and SPINEFRONTIER, INC.**

By their attorneys,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com


**ADITYA HUMAD**

By his attorneys,

/s/ *William W. Fick*
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

Dated: July 28, 2024

## LOCAL RULE 7.1 Certification

This motion seeks provisional sealing of a Memorandum and Order that is under seal because of various requests that the government has made to seal grand-jury material. The government and defendants have conferred on various occasions regarding sealing, with the government repeatedly making clear its position that certain grand-jury information should be sealed.

*/s/ Joshua L. Solomon*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document, filed on July 28, 2024, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Joshua L. Solomon*