UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:21-cr-10256-IT |
| | * | |
| KINGSLEY CHIN and ADITYA HUMAD, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

February 5, 2025

TALWANI, D.J.

Presently before the court is Defendants Kingsley R. Chin and Aditya Humad's Motion to Compel CMS Records ("Motion to Compel") [Doc. No. 188].[1] Defendants seek to compel the government to produce requested records and data concerning SpineFrontier from the Centers for Medicare & Medicaid Services ("CMS"). See Mot. to Compel at 1, 6 [Doc. No. 188]. For the following reasons, Defendants' Motion is DENIED.

Background

At the hearing on Defendants' motions to dismiss, defense counsel stated that they still sought four or five topics of information from CMS. Tr. at 21 [Doc. No. 177].[2] The government reported that the litigation team had turned over all information in the government's possession,

---

[1] The motion was also brought by SpineFrontier, Inc. ("SpineFrontier"), but the government has recently dismissed the charges against SpineFrontier. See Gov't Mot. to Dismiss [Doc. No. 225]; Elec. Order [Doc. No. 226].

[2] The court understands those topics to be the ones which Defendants now seek to compel, namely, "(1) documents concerning reporting under the Sunshine Act, Error and Warning Codes, Review and Dispute Data, Review and Correct Data, Data Displays, (2) communications among various stakeholders during these processes; [(3)] documents sufficient to identify government employees who are witnesses to communications about SpineFrontier's reports of payments; and ([4]) all other communications and data tending to show compliance by SpineFrontier." Mot. to Compel at 6 [Doc. No. 188].

custody, and control, and that, although not legally obligated to do so, had agreed "to go to CMS and request the information [defense counsel had] asked for." Id. at 22. The government subsequently produced some additional documents and told Defendants, "[w]e are aware of no further responsive information in the possession, custody, or control of CMS or [Health and Human Services ("HHS")]." July 9, 2024 Email from the Government at 3 [Doc. No. 205-5]. In a follow-up email, the government explained the requests the litigation team made to CMS as follows:

> As we told you in our July 9 letter, we requested from CMS the information you specifically asked for, i.e., information and materials "concerning Error and Warning Codes, Review and Dispute Data, Review and Correct Data, Data Displays, and communications among various stakeholders during these processes" and all "communications and data tending to show compliance by SpineFrontier," with the Sunshine Act. See Def.'s Dec. 22, 2023 Ltr. at 2. We also followed up with CMS and made a broader request, as you requested in your December 22 Letter, for "all communications and data tending to show compliance by SpineFrontier," with the Sunshine Act. See also Gov't July 9, 2024 Ltr. at 1. We have produced what CMS provided in response.

Mot. to Compel at 2-3 [Doc. No. 188] (quoting July 17, 2024 email).[3]

Discussion

Pursuant to Fed. R. Crim. P. 16, the government, upon request, must allow a defendant to inspect or copy documents and other items "within the government's possession, custody, or control" and "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Brady v. Maryland, 373 U.S. 83 (1963), requires the government "to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." United States v. Simon, 12 F.4th 1, 51 (1st Cir. 2021) (citation omitted) (emphasis added). Here, Defendants have made no

---

[3] The government has reiterated the same here. See Opp. at 7 [Doc. No. 205] ("There are no remaining documents to produce.").

showing that the government has failed to produce any such documents in its possession, custody or control.

Defendants contend that the government failed to conduct "reasonably expected formal collection efforts" to obtain such documents from CMS. Mot. to Compel at 1 [Doc. No. 188]. They object that the government has not described the collection and production process and that government counsel allowed CMS to conduct any collection on its own. Id. at 2-3. Defendants also charge the government with "selectively gather[ing] materials." Id. at 3. But absent some evidence that the government did not make the requests it claimed to have made in its July 17 email, Defendants have not shown that the government "selectively gather[ed]" materials or that the prosecution team failed to turn over the documents it obtained.

Defendants hint that there may be a Brady issue lurking here, contending that "the government's position in correspondence and the limited scope of the production confirm the incompleteness of the production contrary to its representations and express agreement before this Court to produce responsive materials." See id. at 3-4.[4] The government maintains that it is not obligated to produce the requested information because CMS is not part of the "prosecution team." See Opp. at 3 [Doc. No. 205].

Under Brady and its progeny, "[a]n individual prosecutor is presumed . . . to have knowledge of all information gathered in connection with his office's investigation of the case and indeed 'has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'" United States v. Avellino, 136 F.3d 249,

---

[4] Defendants advanced a similar argument in their Motion to Dismiss [Doc. No. 149], but this court declined to address those arguments where the government had agreed to request the data from CMS and the Defendants' arguments were effectively in anticipation of that data being incomplete. See Redacted Mem. & Order at 11 [Doc. No. 211].

255 (2d Cir. 1998) (quoting Kyles v. Whitley, 514 U.S. 419, 437 (1995)). But "[w]hile a prosecutor must disclose information maintained by government agents even if the prosecutor herself does not possess the information . . . this duty does not extend to information possessed by government agents not working with the prosecution[.]" United States v. Hall, 434 F.3d 42, 55 (1st Cir. 2006) (citing Strickler v. Greene, 527 U.S. 263, 280 (1999); United States v. Bender, 304 F.3d 161, 164 (1st Cir. 2002)). See also Ruiz v. United States, 221 F. Supp. 2d 66, 74 (D. Mass. 2002) (government not obligated to ask the Boston Police Department for exculpatory information where defendant's counsel did not dispute the government's assertion that the Boston Police Department did not participate in the investigation); Bender, 304 F.3d at 164 (no Brady violation where government did not seek out mental-health records of a government witness who had spent time at a state-run mental hospital, where there was no evidence of prosecution's awareness of the witness's mental-health history until the witness disclosed it on the eve of trial).

The government argues that it would be unreasonable to impute to the prosecution team knowledge of information in the possession of CMS. The government acknowledges that agents for the Office of Inspector General for HHS ("HHS-OIG") participated in the investigation. See Govt.'s Opp. to Mot. to Dismiss at 15, 17 [Doc. No. 157].[5] But HHS-OIG is one of fourteen offices within the Office of the Secretary of HHS, while CMS is one of twelve large operating divisions within HHS. See id. at 16-17; HHS Organizational Charts at 2 [Doc. No. 157-14].

---

[5] This court does not understand there to be a dispute as to whether the government properly produced material in the possession of the HHS-OIG agents who aided the investigation of this case.

Accordingly, this court finds that the involvement of HHS-OIG agents does not make information in possession of CMS potential Brady material.

Defendants claim that "CMS has been inextricably intertwined with the investigation into and the subject of this prosecution and related civil claims against SpineFrontier." See Mot. to Compel at 4 [Doc. No. 188]. They claim "recently-produced documents show that CMS played a key role in connection with audits of SpineFrontier underlying and relating to the pending charges." Id. They allude to, but do not submit for this court's consideration, documents relating to the "CMS-Open Payments Program," including what Defendants characterize as "self-serving audit reports seemingly prepared by CMS in furtherance of the investigation underlying this prosecution," as well as documents relating to a witness, Dr. Joseph Shehadi. See id. at 3. But the one such document submitted to this court (by the government) is a research brief on SpineFrontier by a third-party contractor for CMS, dated January 9, 2017, that is focused on compliance-related concerns that have little relevance to this criminal prosecution. See Open Payments Research Brief [Doc. No. 205-6]. This document does not suggest that the government made CMS agents part of the prosecution team in this case.

Defendants further point to references to CMS in the Amended Complaint and in the government's Complaint in Intervention in the civil action as evidence of CMS's purported centrality to the subject matter of the present criminal case. See Mot. to Compel at 4-5 [Doc. No. 188]. But mentions in civil complaints of CMS's role in administering the Medicare program and of SpineFrontier's Sunshine Act obligations do not make CMS part of the prosecution team here. The court finds that CMS is not part of the prosecution team, that the government has no Brady obligation to seek out potentially exculpatory material in CMS's possession, and that Defendants

have made no showing that the government has failed to turn over material in the prosecution team's possession, custody, or control.

Therefore, Defendants' Motion to Compel [Doc. No. 188] is DENIED.

IT IS SO ORDERED.

February 5, 2025                    /s/ Indira Talwani
                                    United States District Judge