UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD<br><br>Defendants. | No. 1:21-cr-10256-IT |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
ANY EVIDENCE OR ARGUMENT CONCERNING LEGITIMATE
CONSULTING BY THOSE OUTSIDE THE CHARGED CONSPIRACY**

The government submits this motion *in limine* in support of its argument that the Court should preclude Defendants Kingsley Chin and Aditya Humad from introducing any evidence, or making any argument to the jury, concerning legitimate consulting services performed by surgeons outside the charged conspiracy.

**BACKGROUND**

The Indictment charges Defendants Chin and Humad with one count of conspiracy to violate the Anti-Kickback Statute ("AKS"), in violation of 18 U.S.C. § 371, and four counts of AKS violations under 42 U.S.C. § 1320a-7b(b)(2).[1] In brief, the Indictment alleges that Defendants Chin and Humad operated sham consulting arrangements with certain surgeons. Dkt. No. 1. Rather than pay certain surgeon-consultants (the "Surgeons") for time spent performing

---

[1] The Court dismissed the money laundering count (Count 8) on July 3, 2024, Dkt. No. 211, and the government dismissed two AKS counts (Counts 6 and 7) against Defendants Chin and Humad on January 17, 2025. Dkt. No. 225.

actual consulting, the Defendants paid the Surgeons simply for the latter group's use of SpineFrontier's products in spine surgeries reimbursed by federal health care programs.

The Indictment does not allege that the Defendants' consulting program was devoid of *any* legitimate consulting.[2] Rather, the Indictment alleges that the Defendants' consulting arrangement in practice was unlawful with respect to *certain* surgeons during *certain* periods of time. *See, e.g.,* Dkt. No. 1 at 10-12. The government's expectation is that the defense will seek to introduce evidence of what it believes to be legitimate consulting by those *outside* of the Indictment (or outside of the Indictment's time frame), to prove that Defendants Chin and Humad lacked intent to violate the law with respect to their relationships with the Surgeons *within* the boundaries of the Indictment. As discussed below, the Court should exclude this evidence, or any argument to that effect, as an impermissible form of good character evidence. *See* Fed. R. Evid. 404.

## ARGUMENT

"[I]t is black-letter law that 'evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.'" *United States v. Carton*, No. 17-cr-680, 2018 WL 5818107, at *3 (S.D.N.Y. Oct. 19, 2018) (quoting *United States v. Boykoff*, 67 F. App'x 15, 20–21 (2d Cir. 2003)). For this reason, "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) (internal citations omitted).[3]

---

[2] Of course, this is not to say that the government concedes that there was legitimate consulting; rather, the government simply acknowledges that the Indictment does not charge that there was *no* legitimate consulting.

[3] *See also, e.g., United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) (affirming exclusion of evidence that defendant accused of falsifying asylum applications had previously submitted truthful applications and noting that "whether the defendant had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent"); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (finding defendant's

Federal Rule of Evidence 404 governs the admissibility of character evidence. Rule 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with th[at] character or trait." Fed. R. Evid. 404(a)(1). In criminal cases, a defendant "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the [government] may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). But even where relevant, character evidence is limited by Rule 405. "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). As the Supreme Court explained in *Michelson v. United States*, a defendant is precluded from offering evidence of specific instances of that trait: "The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental and moral traits[.]" 335 U.S. 469, 477 (1948). The First Circuit has consistently recognized this principle. Character evidence must take the form of witness testimony by opinion or reputation; evidence of specific instances of the trait is not admissible. *See, e.g., United States v. Candelaria-Silva*, 166 F.3d 19, 35 (1st Cir. 1999) (limiting such evidence to reputation and opinion, other than on cross-examination); *United States v. Lau, et al.*, 828 F.2d 871, 877 (1st Cir. 1987) (noting that defense character evidence is admissible only "by reputation or opinion testimony").

---

performance of some legal trades irrelevant to his knowledge of illegal trades); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (affirming exclusion of evidence that used car dealer paid for some cars rather than stealing them—"[e]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant"); *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955) ("A defendant cannot establish his innocence of [a] crime by showing that he did not commit similar crimes on other occasions."); *United States v. Perez*, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (granting government motion *in limine* to exclude such prior good act evidence); *United States v. Gambino*, 838 F. Supp. 744, 748 (S.D.N.Y. 1993) ("A defendant cannot introduce evidence of innocent behavior on other occasions to prove his innocence . . . .").

The Court should exclude any evidence or argument from the Defendants concerning legitimate consulting services, if any, outside of the Indictment. The mere fact that there may have been some legitimate consulting by those outside the Indictment or outside the Indictment's time frame, does not negate Defendants' intent to offer and pay kickbacks to the Surgeons. *See* 42 U.S.C. § 1320a-7b(b)(2) (criminalizing offering or paying remuneration with the intent to induce federally reimbursed surgeries). Indeed, a Defendant does not acquire a free pass to commit one crime on one occasion merely because he declined to commit the same crime on a different occasion. *See, e.g.*, *United States v. Glazer*, 850 Fed. Appx. 488, 492 (9th Cir. 2021) (holding district court in health care fraud case "did not abuse its discretion by excluding evidence of 'legitimate' medical services outside of the counts in the indictment, because '[a] defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions'") (quoting *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955)).

It is axiomatic that evidence of other instances where a defendant did not commit fraud is irrelevant to the question of whether a defendant did commit fraud in connection with the conduct alleged in this case. Fed. R. Evid. 402, 403. It is well-settled that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) (citations omitted); *see also Gov't of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985) (finding inadmissible evidence of no prior arrests); *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) ("For the same reasons that prior 'bad acts' may not be used to show predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (internal citations and quotations omitted) (affirming district court's ruling precluding defendant from offering evidence of legitimate business activities

because "evidence of good conduct is not admissible to negate fraudulent intent"); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (excluding defendant psychologist from offering evidence of legitimate billings in false claims case because it was irrelevant that defendant "did not overcharge in every instance in which she had the opportunity to do so"); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (internal citations omitted) (finding defendant's performance of some legal trades irrelevant to his knowledge of illegal trades); *United States v. Judd*, 672 F. Supp. 3d 389, 393 (E.D. Mich. May 5, 2023) (internal citations omitted) ("Here, the fact that Mr. Judd can direct the Court to instances where he properly billed Medicaid is completely unrelated and irrelevant to a determination of whether he is guilty or innocent of the charged offense of Healthcare Fraud."); *United States v. Schena*, No. 20-CR-00425, 2022 WL 2910185, at *3 (N.D. Cal. July 23, 2022) (concluding that "evidence of legitimate billing or other good conduct is irrelevant to Defendant's intent and is impermissible character evidence" with respect to health care and securities fraud charges).

Allowing evidence of consulting outside the Indictment will confuse the issues and needlessly prolong the trial on collateral matters, which themselves run the risk of turning into minitrials. Whether there were times that the Defendants sought or approved legitimate consulting outside of the Indictment's confines is irrelevant to whether the Defendants acted illegally as charged *in* the Indictment. The Court should foreclose the Defendants from introducing irrelevant information in an attempt to bolster improperly their "good" character. To do otherwise only risks jury nullification.

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court grant the government's motion *in limine*.

                                      LEAH B. FOLEY
                                      United States Attorney

                                      */s/ Abraham R. George*
                                      ABRAHAM R. GEORGE
                                      CHRISTOPHER LOONEY
                                      MACKENZIE A. QUEENIN
                                      Assistant U.S. Attorneys
                                      1 Courthouse Way
                                      John Joseph Moakley U.S. Courthouse
                                      Boston, MA 02210
                                      (617) 748-3100

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Abraham R. George, hereby certify that the parties have met and conferred and in good faith have attempted to narrow the issue before the Court. However, the parties were unable to arrive at a resolution.

Date: February 18, 2025                              */s/ Abraham R. George*
                                                            ABRAHAM R. GEORGE

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on February 18, 2025, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) (with paper copies to be sent to those indicated as non-registered participants).

                                      */s/ Abraham R. George*
                                      ABRAHAM R. GEORGE
                                      Assistant United States Attorney