## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES<br><br>   v.<br><br>KINGSLEY R. CHIN and<br>ADITYA HUMAD,<br>     *Defendants*. | No. 1:21-cr-10256-IT |

## <u>DEFENDANTS' PROPOSED FINAL INSTRUCTIONS TO THE JURY</u>

Duties of the Jury ............................................................................................. 1

The Charge - The Indictment ........................................................................... 2

Defendant Charged Only With Acts in Indictment .......................................... 3

Presumption of Innocence; Proof Beyond a Reasonable Doubt ...................... 4

Notetaking ......................................................................................................... 7

Defendant's Constitutional Right Not to Testify [If applicable] ...................... 8

What is Evidence; Inferences ............................................................................ 9

Kinds of Evidence: Direct and Circumstantial ................................................ 10

Competing Inferences ...................................................................................... 11

Inference of Regularity .................................................................................... 12

Credibility of Witnesses ................................................................................... 13

Cautionary and Limiting Instructions as to Particular Kinds of Evidence ...... 14

Impeachment by Prior Inconsistent Statement ................................................ 15

Weighing the Testimony of an Expert Witness ................................................. 16

Caution as to Cooperating Witness/Accomplice/Paid Informant/Immunized
Witness/Pled Guilty .......................................................................................... 17

Number of Witnesses Called is Not Controlling .............................................. 18

Missing Witness ................................................................................................ 19

What is Not Evidence ....................................................................................... 20

Not Here to Decide or Opine on Policy ........................................................... 21

Evidence of Defendant's Prior Similar Acts .................................................... 22

Violation of Company Policy Is Not a Crime .................................................. 23

Count One: Conspiracy to Violate Anti-Kickback Statute; Elements ............. 24

1st conspiracy Element: Agreement To Violate The Anti-Kickback Statute ................ 25

1st conspiracy element (cont'd): Anti-Kickback Statute Defined ................................ 26

1st conspiracy element (cont'd): Remuneration Defined ............................................. 28

1st conspiracy element (cont'd): Reimbursement by Federal Health Care Program Defined ...... 29

1st conspiracy element (cont'd): Parallel Conduct is Not Agreement ........................................... 30

1st conspiracy element (cont'd): Agreement Cannot Be With Corporation .................................. 31

1st conspiracy element (cont'd): Must Find Agreement Charged in Indictment .......................... 32

2nd conspiracy element: Intent to Join and that the Underlying Crime Be Committed ................ 33

2nd conspiracy element (Cont'd): Knowing, Willful and Intentional Defined ............................. 34

2nd conspiracy element (Cont'd): Intent to Violate the Anti-Kickback Statute Defined ............. 36

2nd conspiracy element (Cont'd): Intent to Join the Conspiracy – Generalized
Knowledge or Intent is Insufficient ............................................................................................... 38

2nd conspircy element (Cont'd): Good Faith Defense .................................................................... 40

3rd conspiracy element: Overt Act ................................................................................................. 42

Counts Two Through Five: Violation of Anti-Kickback Statute; Elements ................................... 43

Venue ............................................................................................................................................... 45

Acts and Declarations of Co-Conspirators ..................................................................................... 46

Withdrawal from Conspiracy .......................................................................................................... 47

Foreperson's Role; Unanimity ........................................................................................................ 49

Consideration of Evidence .............................................................................................................. 50

Reaching Agreement ....................................................................................................................... 51

Return of Verdict Form ................................................................................................................... 52

Communication with the Court ....................................................................................................... 53

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 1

## DUTIES OF THE JURY

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.[1]

You may have seen exhibits or heard testimony during the trial about what other people think the law is. You must disregard such opinions and apply the law only as I have explained it to you.

---

[1] Pattern Crim. Jury Instructions for the First Circuit, No. 3.01 (Nov. 2015).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 2**

**THE CHARGE - THE INDICTMENT**

Dr. Chin and Mr. Humad are charged by what is called an indictment. An indictment is merely a formal method used by the government to accuse a defendant of a crime. The indictment is not evidence of any kind. You may not consider the fact that Dr. Chin and Mr. Humad were charged with a crime as evidence that they committed a crime. Even though this indictment has been returned against them, Dr. Chin and Mr. Humad began this trial with a "clean slate"—that is, with absolutely no evidence against them.[2]

---

[2] *See* Pattern Crim. Jury Instructions for the First Circuit, Nos. 1.02, 3.08 (indictment not evidence); 1A K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* §§ 13.04, 12.10 (6th ed.) (same, and defendant begins with no evidence against him).

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 3

## DEFENDANT CHARGED ONLY WITH ACTS IN INDICTMENT

You are here to decide whether the government has proved beyond a reasonable doubt that a defendant is guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not specifically charged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.[3]

---

[3] *See* Pattern Jury Instructions of the District Judges Ass'n of the Fifth Circuit, Criminal Cases, Instruction No. 1.19 (2015); *see also* 1A K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* §§ 12.09, 12.11 (6th ed.).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 4**

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

I am going to explain three cardinal principles that you should bear in mind throughout these instructions. The first, the presumption of innocence, the idea in this country under our Constitution that no person accused of a crime is anything other than presumed innocent unless and until the government satisfies you beyond a reasonable doubt of each essential element of the charges against that defendant. That presumption never leaves the defendant until the end of the trial if you find that the government has met its burden.

The second is the burden always rests with the government. Dr. Chin and Mr. Humad can look the government straight in the eye and say prove it, and they don't have to do anything at all. The burden of proof never shifts to them. The law doesn't impose on any defendant the burden of even calling witnesses. The burden always rests with the government, and you should understand that defendants are sometimes at a disadvantage if they do seek to call a reluctant witness because only the government has the power to obtain an order from the court to compel a witness to testify pursuant to a grant of immunity. And you have seen witnesses in this case who declined to testify without a grant of immunity. But the short of it is, Dr. Chin and Mr. Humad do not have to offer any testimony at all, any witnesses at all. But if they do, or if they cross-examine witnesses the government offers, you'll take into consideration all of that evidence in deciding whether or not the government has met that burden, that is the third cardinal principle, the burden of proof beyond a reasonable doubt.

Proof beyond a reasonable doubt is a strict and a heavy burden, but it doesn't mean that the defendant's guilt must be proved beyond all possible doubt. What it does require is evidence that excludes any reasonable doubt about a defendant's guilt. A reasonable doubt

may arise not only from the evidence that's actually produced at trial, but if you find it, a lack of evidence.

Reasonable doubt exists when, after weighing and considering all of the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course no defendant is ever to be convicted on suspicion or conjecture, and if, for example, you view the evidence in the case as reasonably permitting either of two conclusions, one that a defendant is guilty, the other that the defendant is not guilty, you must find him not guilty. You must consider each of Dr. Chin and Mr. Humad separately and give each of them under the circumstances the benefit of the doubt.

It's not sufficient for the government to establish a probability, even a strong one, that a fact charged is more likely to be true than not true. That's not enough to meet the burden of proof beyond a reasonable doubt.

On the other hand, there are very few things in the world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

What the government must do to meet its heavy burden is to establish the truth of each part of the offense charged in the indictment by a proof that convinces you, leaves you with no reasonable doubt, and that thus satisfies you that you can consistently with your oath as jurors base your verdict on it.

If you find as to a crime charged that the government has met that burden, you may return a verdict of guilty.

If, on the other hand, you think there's a reasonable doubt about whether a defendant is guilty of the offense, you must give him the benefit of the doubt and find him not guilty.[4]

---

[4] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 26-28.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 5**

**NOTETAKING**

I have permitted you to take notes during this case. I want to remind you of the warnings that I gave you when we started. First please remember that not everything you wrote down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room. I will have the courtroom deputy collect them at the end of each day of your deliberations and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.[5]

---

[5] *See* Pattern Crim. Jury Instructions for the First Circuit, No. 1.08.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 6**

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY [IF APPLICABLE]**

Dr. Chin and Mr. Humad have a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that Dr. Chin and Mr. Humad did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.[6]

---

[6] Pattern Crim. Jury Instructions for the First Circuit, No. 3.03.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 7

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and Dr. Chin and Mr. Humad accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[7]

---

[7] Pattern Crim. Jury Instructions for the First Circuit, No. 3.04.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 8**

**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[8]

---

[8] Pattern Crim. Jury Instructions for the First Circuit, No. 3.05.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 9

## COMPETING INFERENCES

Where evidence permits you to draw either of two equally valid inferences with respect to a defendant – such as one of knowing and intentional participation in an illegal plan and the other of lack of awareness of or lack of participation in an illegal plan despite certain associations with persons alleged to have been involved – you are to draw the inference that favors the defendant.[9]

---

[9] *See*, *e.g.*, *United States v. Frigerio-Migiano*, 254 F.3d 30, 36 (1st Cir. 2001) ("In such a [close] case, the defendant receives the benefit of the doubt: '[W]here an equal or near equal theory of guilt and a theory of innocence is supported by the evidence viewed in the light most favorable to the verdict, a reasonable jury must entertain a reasonable doubt.'") (citation omitted).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 10**

**INFERENCE OF REGULARITY**

In the absence of evidence in the case to the contrary, you may infer, but are not compelled to infer, that official duty has been regularly and properly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

When evidence has been received in the case concerning any of these questions, you should be guided by the evidence and the application of your common sense.[10]

---

[10] 1A K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 12:06 (6th ed.).

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 11

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.[11]

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[12]

---

[11] Pattern Crim. Jury Instructions for the First Circuit, No. 3.06.
[12] Pattern Crim. Jury Instructions for the First Circuit, No. 1.06.

13

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 12**

**CAUTIONARY AND LIMITING INSTRUCTIONS AS TO
PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.[13]

---

[13] Pattern Crim. Jury Instructions for the First Circuit, No. 3.07.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 13**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT**

**[IF APPLICABLE]**

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as [his/her] testimony in this trial. You may consider that earlier statement to help you decide how much of [witness's] testimony to believe. If you find that the prior statement was not consistent with [witness's] testimony at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.[14]

---

[14] Pattern Crim. Jury Instructions for the First Circuit, No. 2.03.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 14**

**WEIGHING THE TESTIMONY OF AN EXPERT WITNESS**

**[IF APPLICABLE]**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[15]

---

[15] Pattern Crim. Jury Instructions for the First Circuit, No. 2.07.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 15

## CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE/PAID INFORMANT/IMMUNIZED WITNESS/PLED GUILTY

You have heard the testimony of several witnesses who have pled guilty to a crime and are testifying under agreements.

You have also heard the testimony of witnesses who testified under a grant of immunity. "Immunity" means that witness's testimony may not be used against him or her in any subsequent criminal proceeding except for a perjury or false statement prosecution.

You have also heard the testimony of witnesses who reached other agreements with the government by which they agreed to cooperate with the government in this case.

Some people who are immunized or cooperating are truthful when testifying. Still, you should consider the testimony of these witnesses with particular caution. He or she may have had reason to make up stories or exaggerate what others did because he or she wanted to help himself or herself. You will need to determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he or she has received from the government as a result of an agreement, promises, or immunity from prosecution. These are reasons to use greater care and caution when considering the testimony of cooperating or immunized witnesses.

You may consider their guilty pleas in assessing their credibility, but you are <u>not</u> to consider their guilty pleas as evidence against this defendant in any way.[16]

---

[16] *See* Pattern Crim. Jury Instructions for the First Circuit, No. 2.08.

17

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 16**

**NUMBER OF WITNESSES CALLED IS NOT CONTROLLING**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.[17]

---

[17] 1A K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 14:16 (6th ed.).

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 17

## MISSING WITNESS

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of [his/her] relationship to the government, would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that [his/her] testimony would in this instance be unfavorable to the government. You are not required to draw that inference, but you may do so. No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.[18]

---

[18] Pattern Crim. Jury Instructions for the First Circuit, No. 2.12.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 18

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.    Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.    The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that Dr. Chin and Mr. Humad have had an indictment filed against them is no evidence whatsoever of their guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.[19]

---

[19] Pattern Crim. Jury Instructions for the First Circuit, No. 3.08.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 19

## NOT HERE TO DECIDE OR OPINE ON POLICY

This case is not a referendum about health care policy in the United States.  It may be that you are in favor of more patient choice in the selection of treatment options.  It may be that you believe that medical care and medical devices are too expensive.  It may be that you find the  incentive structure that surrounds the delivery of medical care, medical equipment, medical services, or prescription medicines to be perverse or worn.  But that's not what this case is about. That's only the background.  That is only the environment that we are talking about.

What we're really talking about is whether or not a particular criminal violation has been proved in this environment. And so whatever you think about patient choice, whatever you think about the incentive structure you'll keep to yourself except as it shapes the way in which you evaluate the evidence in this case and whether or not the government itself has established criminal liability under the relevant criminal statutes.[20]

---

[20] *See United States v. MacKenzie, et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 23-24.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 20**

**EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS [IF ANY ARE OFFERED]**

You have heard evidence that Dr. Chin and Mr. Humad previously committed acts similar to those charged in this case, including [the prior similar acts to be identified]. You may not use this evidence to infer that, because of his character, Dr. Chin or Mr. Humad carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

[(1) Whether Dr. Chin and Mr. Humad had the state of mind or intent necessary to commit the crime charged in the indictment;

or

(2) Whether Dr. Chin and Mr. Humad had a motive or the opportunity to commit the acts charged in the indictment;

or

(3) Whether Dr. Chin and Mr. Humad acted according to a plan or in preparation for commission of a crime;

or

(4) Whether Dr. Chin and Mr. Humad committed the acts they are on trial for by accident or mistake.]

Remember, this is the only purpose for which you may consider evidence of a defendant's prior similar acts. Even if you find that Dr. Chin and Mr. Humad may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that Dr. Chin and Mr. Humad committed the acts charged in this case.[21]

---

[21] Pattern Crim. Jury Instructions for the First Circuit, No. 2.06.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 21

## VIOLATION OF COMPANY POLICY IS NOT A CRIME

You have also heard some evidence in this case about various company policies. You are not tasked with determining whether any actions violated business policies. You are only tasked with determining whether defendant knowingly entered an agreement with the specific intent to violate the Anti-Kickback Statute or knowingly and intentionally violated the Anti-Kickback Statute. Violating company policy is not a crime.[22]

---

[22] *See United States v. Anderson*, No. 05-249(01) (PAM/JJG), 2006 WL 1983770, at *3 (D. Minn. July 13, 2006) ("[A] violation of an internal company policy is not a crime." ). *See also, Skilling v. United States*, 561 U.S. 358, 409-10 (2010) (showing a violation of a workplace rule, by itself, is not punishable under the mail or wire fraud statutes); *United States v. Harvard*, 103 F.3d 412, 422 (5th Cir. 1997) (cautioning the jury they "may not find the Defendant guilty of any crime solely because he may have violated [] an administrative banking regulation or because he may have violated internal bank policies").

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 22**

<u>COUNT ONE</u>**: CONSPIRACY TO VIOLATE ANTI-KICKBACK STATUTE; ELEMENTS**

Dr. Chin and Mr. Humad are accused of conspiring to violate the Anti-Kickback Statute. It is against federal law to conspire with someone to commit this crime. This charge of conspiracy is Count One.

For you to find Dr. Chin or Mr. Humad guilty of this conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that the agreement to violate the Anti-Kickback Statute as specified in the indictment, and not some other agreement or agreements, existed between at least two people; and

<u>Second</u>, that Dr. Chin or Mr. Humad willfully joined in that agreement, with the specific intent to further the conspiracy's unlawful objective of violating the Anti-Kickback Statute and that he did so with the intent necessary to violate the Anti-Kickback Statute; and

<u>Third</u>, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.[23]

---

[23] *See* Pattern Crim. Jury Instructions for the First Circuit, No. 4.18.371(1).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 23**

**1ST CONSPIRACY ELEMENT: AGREEMENT TO VIOLATE THE ANTI-KICKBACK STATUTE**

A conspiracy is an agreement, spoken or unspoken.  A conspiracy does not have to be a formal agreement of plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, or even the fact that the defendant may have known that the criminal conduct was taking place at the company does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.[24]

---

[24] *See* Pattern Crim. Jury Instructions for the First Circuit, No. 4.18.371(1).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 24**

**1ST CONSPIRACY ELEMENT (CONT'D): ANTI-KICKBACK STATUTE DEFINED**

On the conspiracy charge, the Government bears the burden of proving that the members of the conspiracy agreed to conspire to violate the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2)(B). So that you can determine whether an agreement to violate the Anti-Kickback Statute existed, I need to explain to you what the Anti-Kickback Statute is and what it prohibits.

The Anti-Kickback Statute makes it a crime for someone to knowingly and willfully offer or pay any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program.[25]

To prove the first element of conspiracy – agreement to violate the Anti-Kickback Statute – the Government must prove beyond a reasonable doubt that members of the conspiracy agreed to do the following four things, which together would result in a violation of the Anti-Kickback Statute:

First, they agreed to offer or pay remuneration to any person.

Second, they agreed that the remuneration was offered or paid in order to induce the purchasing of a product.

Third, that the product would eventually be paid for in whole or in part by a federal health care program, such as Medicare and Medicaid.

---

[25] *See* 42 U.S.C. § 1320a-7b(b)(2)(B).

<u>Fourth</u>, that the members of the conspiracy acted knowingly, willfully, and intentionally. I will explain these terms more fully when I describe what the Government must prove about Dr. Chin's and Mr. Humad's alleged intent to join the conspiracy.[26]

---

[26] Adapted from the charge given in *United States v. MacKenzie, et al.*, 01-CR-10350 (D. Mass. 2004). *See* Transcript of Charge to the Jury, July 9, 2004, at 47.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 25**

**1ST CONSPIRACY ELEMENT (CONT'D): REMUNERATION DEFINED**

The Anti-Kickback Statute uses the term "remuneration." Remuneration means providing something of value to the intended recipient. Remuneration may be paid in cash or by giving property or services. It may be offered or paid openly or in a concealed fashion. It may be offered or paid directly or indirectly, or through another person. But the focus is on whether it constitutes a thing of value to the intended recipient in whatever form offered or paid.[27]

The Anti-Kickback Statute does not prohibit all remuneration. A remuneration is illegal under the Anti-Kickback Statute only when all of the other elements of the Anti-Kickback Statute are also met.[28]

You will understand that payment from the federal health care program is not itself remuneration within the meaning of the Anti-Kickback Statute. That would be circular. Of course a provider of medical service or goods can be paid for products and related services if they are proper for payment under a federal health care program. And so I instruct you as a matter of law that any monies paid by the federal health care program, such as the Medicare program or Medicaid program, to physicians as reimbursement for products do not constitute remuneration offered or paid indirectly by any of the defendants before you.[29]

---

[27] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 47-48.

[28] *See, e.g.*, *OIG Compliance Program Guidance for Pharmaceutical Manufacturers*, 68 Fed. Reg. 23731, 23735 (May 5, 2003) (describing specific situations where remuneration may be illegal).

[29] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 50.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 26**

**<u>1ST CONSPIRACY ELEMENT (CONT'D)</u>: REIMBURSEMENT BY FEDERAL HEALTH CARE PROGRAM DEFINED**

The Anti-Kickback Statute requires that the products for which remuneration was offered or paid were in turn to be reimbursed in whole or in part from a federal health care program, such as Medicare and Medicaid.  The statute does not require that the payment of remuneration caused the costs of administering a federal health care program to increase.[30]

---

[30] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 56.  *See also United States ex rel. Parks v. Alpharma, Inc.*, 493 F. App'x 380, 382-83, 390 (4th Cir. 2012) (affirming summary judgment because there was no evidence that a physician wrote a prescription for drug, which was then submitted to the government for reimbursement).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 27**

**1ST CONSPIRACY ELEMENT (CONT'D): PARALLEL CONDUCT IS NOT AGREEMENT**

The fact that Dr. Chin and Mr. Humad and various other people engaged in similar or parallel conduct or associated with each other or discussed common aims or interests, worked for the same company, or even the fact that one of them may have known that the criminal conduct was taking place at the company, are all facts which by themselves do not establish the existence of a conspiracy.[31]

---

[31] *See United States v. MacKenzie, et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 66.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 28**

**<u>1ST CONSPIRACY ELEMENT (CONT'D):</u> AGREEMENT CANNOT BE WITH CORPORATION**

The government must prove beyond a reasonable doubt that the agreement to violate the law was with another person and did not constitute simply acting alone as part of the defendant's duties with the corporation because a conspiracy cannot exist between a person and a corporation. If you find that Dr. Chin or Mr. Humad acted alone on behalf of SpineFrontier and not as part of an agreement with other people, the defendant cannot be convicted of conspiracy.[32]

---

[32] *See United States v. MacKenzie, et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 67. *See also United States v. Peters*, 732 F.2d 1004, 1008 n.6 (1st Cir. 1984) ("A corporate officer, acting alone on behalf of the corporation, could not be convicted of conspiring with the corporation."); *United States v. Bucuvalas*, 909 F.2d 593, 596 n.7 (1st Cir. 1990) (corporation and its president "cannot legally conspire with each other").

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 29

## 1ST CONSPIRACY ELEMENT (CONT'D): MUST FIND AGREEMENT CHARGED IN INDICTMENT

You must keep in mind as well that Dr. Chin and Mr. Humad are charged with involvement in a single conspiracy to violate the Anti-Kickback Statute. As I indicated earlier, the government must prove beyond a reasonable doubt the existence of a single conspiracy that is charged in count one of the indictment. If you find from the evidence that the single conspiracy charged did not exist, then you must find Dr. Chin and Mr. Humad not guilty, even if you find that some other conspiracy or conspiracies did exist. In this connection, if you find that Dr. Chin or Mr. Humad was not a member of the single conspiracy as charged in the indictment, then you must find him not guilty, even if you find that the defendant may have been a member of some other conspiracy.

The government bears the burden of proving to you beyond a reasonable doubt the existence of the conspiracy that's charged in the indictment.[33]

---

[33] *See United States v. MacKenzie, et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 67. *See also* Pattern Crim. Jury Instructions for the First Circuit, No. 4.18.371(1), comment 5 (discussing multiple conspiracies instruction); *United States v. Trainor*, 477 F.3d 24, 35-35 n.20 (1st Cir. 2007) (approving a more detailed multiple conspiracies instruction). Whether there is a single conspiracy, multiple conspiracies or no conspiracy is ordinarily a fact for the jury. *United States v. Mena-Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993) (citation omitted). A multiple conspiracy instruction should be provided if "'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.'" *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir. 1994) (citation omitted).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 30**

**<u>2ND CONSPIRACY ELEMENT:</u> INTENT TO JOIN AND THAT THE UNDERLYING CRIME BE COMMITTED**

If you conclude from the evidence that the government has proved beyond a reasonable doubt that the conspiracy charged in the indictment did exist, then you must then determine whether the government has proved the second essential element of the crime of conspiracy: participation by Dr. Chin or Mr. Humad in that conspiracy beyond a reasonable doubt.  That is, you must determine whether he acted knowingly, willfully, and with specific intent both to join the conspiracy and to further the conspiracy's alleged unlawful objective of violating the Anti-Kickback Statute.[34]

---

[34] *See United States v. MacKenzie, , et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 68.  *See also* Pattern Crim. Jury Instructions for the First Circuit, No. 4.18.371(1).

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 31

## <u>2ND CONSPIRACY ELEMENT (CONT'D):</u> KNOWING, WILLFUL AND INTENTIONAL DEFINED

To demonstrate that a person acted knowingly, the government must prove beyond a reasonable doubt that he or she had knowledge of the facts which made his or her conduct illegal; that is, that he or she acted voluntarily and intentionally and not because of some mistake or accident or misunderstanding. In connection with the Anti-Kickback Statute, it is not sufficient to show that the person should have knowledge of particular facts simply because he or she held a particular position within SpineFrontier. Instead, the person must have had actual knowledge of the facts that made his or her conduct illegal.

To demonstrate that the person acted willfully, the government must prove beyond a reasonable doubt he or she acted voluntarily and intelligently and with the specific intent that the underlying crime be committed; that is to say, with bad purpose, either to disobey or disregard the law, and not by some act of ignorance or accident or mistake.

To demonstrate that a person acted intentionally to violate the Anti-Kickback Statute, the government must prove beyond a reasonable doubt that the person was aware of the legal duties that were imposed by the Anti-Kickback Statute. That does not mean that the person had to know there is a specific statute that was called the Anti-Kickback Statute and found in some place in the United States Code. But the person must be shown to have known that there are legal duties of the type that are embodied in that statute and to have specific intent to violate those duties. In sum, a knowing, intelligent and willful violation occurs if the person was aware of the legal duties imposed by the Anti-Kickback Statute, even if he or she did not know the specific statute involved, that he or she knew the conduct was prohibited, and despite that awareness, he or she nevertheless engaged in conduct with the specific intent to disobey or disregard the known legal

duties.  It is not a knowing and willful violation for a defendant to mistakenly violate the law

because of a misunderstanding of what the law requires, or even to do something that the

defendant knew was wrong, unless the defendant also knew that it was illegal. Nor is it sufficient

to find a knowing and willful violation that a defendant knew of his or its legal obligations

generally, if he did not also know that his specific actions violated those legal obligations. The

government is not required to prove that the defendant knew of the specific law that was

violated. But the government is required to prove that the defendant knew that his or its conduct

was illegal.[35]

---

[35] 42 U.S.C. § 1320a-7b(b)(2), (h); *United States ex rel. Hart v. McKesson Corp.*, 96 F.4th 145, 157 (2d Cir. 2024), *cert. denied*, No. 23-1293, 2024 WL 4426646 (U.S. Oct. 7, 2024) ("[T]he defendant must act "with knowledge that his conduct was unlawful."); *Pfizer, Inc. v. United States*, 42 F.4th 67 (2d Cir. 2022); *United States v. McClatchey*, 217 F.3d 823, 829 (10th Cir. 2000); *United States ex rel. Langer v. Zimmer Biomet Holdings, Inc.*, No. CV 21-11293, 2024 WL 3633536, at *5 (D. Mass. Aug. 2, 2024) ("To establish a knowing and willful violation, Relator's complaint must allege that Zimmer acted with knowledge that its conduct was unlawful."); *United States ex rel. Gill v. CVS Health Corp.*, No. 18-CV-6494, 2024 WL 3950211, at *23 (N.D. Ill. Aug. 26, 2024); *United States v. McKesson Corp.*, 602 F. Supp. 3d 575, 593 (S.D.N.Y. 2022) ("[T]he Court is persuaded that willfulness in the AKS requires a defendant to have acted with knowledge that its conduct was unlawful."); *id.* at 596 ("There must be facts from which the Court can infer that Defendants knew the conduct was unlawful and proceeded with the business practice regardless.")

### DEFENDANTS PROPOSED JURY INSTRUCTION NO. 32

### <u>2ND CONSPIRACY ELEMENT (CONT'D):</u> INTENT TO VIOLATE THE ANTI-KICKBACK STATUTE DEFINED

As I mentioned a moment ago, the Anti-Kickback Statute makes it illegal to offer or pay remuneration as a kickback.  A kickback is also known as a "*quid pro quo*" or a "this for that," along the lines of I'll give you remuneration if you buy my product.[36]  Put another way, *quid pro quo* requires the specific intent to give something of value in exchange for a person's agreement to use a product.[37]

The Anti-Kickback Statute does not prohibit transactions that reflect the mere hope or expectation or belief that purchases might ultimately ensue from the business relationship. And mere oral encouragement to convince someone to purchase a product does not itself violate the law.  Rather, the statutory requirement of improper inducement is satisfied only if remuneration is offered or paid as a *quid pro quo* for the specific purchase of the product.[38]  Cultivating a business relationship is not improper.  A person does not violate the Anti-Kickback Statute by providing things of value solely as part of a routine cultivation of a business relationship rather than with the intent to induce specific purchases.[39]

---

[36] Adapted from *United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 54 (defining inducement).

[37] *See United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404-05 (1999) ("[F]or bribery there must be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act.").

[38] *See id. See also United States v. Shaw*, 106 F. Supp. 2d 103, 121 (D. Mass. 2000) ("'The gravamen of Medicare Fraud is inducement,' the Court of Appeals for the First Circuit declared, making it clear that the willful-and- knowing element of the crime is a touchstone for the proper evaluation of [] the statute's meaning.") (quoting *United States v. Bay State Ambulance and Hospital Rental, Inc.*, 874 F.2d 20, 29 (1st Cir. 1989); *Hanlester Network v. Shalala*, 51 F.3d 1390, 1398 (9th Cir. 1995) (government must prove an "intent to exercise influence over the reason or judgment of another in an effort to cause the referral of program related business").

[39] *Id.* at 54-55.  *See also United States v. DiMasi*, 817 F. Supp. 2d 9, 18 (D. Mass. 2011) ("[I]t would not be enough if the government proves only [a party] made the payments [to Defendant] only to cultivate a business or political relationship [ ] or to express gratitude for something [Defendant] had done."); *United States v. O'Brien*, 994 F. Supp. 2d 167, 188 (D. Mass 2014); *United States v. Potter*, 463 F.3d 9, 19 (1st Cir. 2006); *Hanlester Network v. Shalala*, 51 F.3d 1390, 1399 (9th Cir. 1995); *United States v. McClatchey*, 217 F.3d 823, 834 (10th Cir. 2000).

Think of it this way – it is a bribe for farmers to give money to a public official on the condition that he or she decide a public matter in their favor.  It is not a bribe for the farmers to pay for lunch for that same public official when they meet to discuss various matters affecting the farmers.  The farmers may think that providing lunch will promote goodwill and that, in turn, developing a relationship with the official will ultimately take action in their favor; but, absent an intention to provide that lunch in exchange for a specific act by the official, there is no kickback, no bribe, no *quid pro quo*.[40]

Likewise, payments to a doctor are not illegal if are intended to compensate for a bona fide service rather than intended as payments made in exchange for specific purchases of products, *i.e.* as a *quid pro quo*.

Similarly, just like cultivating a business relationship is not improper, seeking to make a profit for a company is not improper.[41]  The business of health care providers is like any other business, competitive and based on a basic profit motive.  Part of this competitive industry includes seeking competitive advantages, which is not improper in and of itself.[42]

Nor are aggressive sales practices improper in and of themselves.  Seeking to confront objections to using a product, or to confront a physician about a promise to purchase a product — when the promise is unconnected to any remuneration—does not violate the law.[43]

---

[40] *See United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 406-07 (1999) (farmers provision of complimentary lunch to Secretary of Agriculture on occasion of speech would not be a bribe).

[41] *United States v. Shaw*, 106 F.Supp.2d 103, 120 (D. Mass. 2000) ("[P]rofit motive does not necessarily trigger criminal liability. Offering or receiving discounts in order to compete for business does not alone mean that the entity 'knowingly and willfully' induced or arranged for referrals or for other business reimbursable under the Medicaid or Medicaid programs. The 'discount exception' was written into the statute from its inception in 1977 to allow for and acknowledge the benefits of competition between health care suppliers and providers, a competition that is based, in part, on a basic profit motive.").

[42] *See United States ex rel. Rost v. Pfizer, Inc.*, 736 F. Supp. 367, 371, 378 (D. Mass. 2010) (granting summary judgment for defendant regardless of the defendant's desire to gain a "competitive edge" by encouraging pharmaceutical sales representatives to speak with doctors).

[43] *Cf. In re Coca-Cola Enter. Inc. Sec. Litig.*, 510 F. Supp. 1187, 1195 n.3 (N.D. Ga. 2007) (in context of securities fraud, "[a]ggressive sales tactics. . . that do not result in materially false sales projections or financial statements are not actionable"); *In re Seizure of All Funds in Accounts in Names Registry Pub., Inc.*, 887 F. Supp. 435,

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 33**

**2ND CONSPIRACY ELEMENT (CONT'D):** INTENT TO JOIN THE CONSPIRACY –
GENERALIZED KNOWLEDGE OR INTENT IS INSUFFICIENT

The Government must also prove that Dr. Chin or Mr. Humad willfully joined the

conspiracy. Proof that Dr. Chin or Mr. Humad willfully joined in the agreement must be based

upon evidence of his own words and actions.[44] The Government cannot prove that Dr. Chin or

Mr. Humad willfully joined in the agreement based on mere association with others or

knowledge of wrongdoing. The fact that Dr. Chin and Mr. Humad worked at SpineFrontier,

where a conspiracy may have been carried out, or associated with colleagues who may have

been conspirators does not establish their specific intent to participate in that conspiracy. A

person cannot be found to have entered into an agreement with other employees of a

corporation based solely on their title or functions within the corporation.[45]

You need not find that Dr. Chin or Mr. Humad agreed to every single detail or knew

about all the details of the crime, or knew every other co-conspirator or that he participated in

each act of the agreement or played a major role, but the government must prove beyond a

reasonable doubt that he knew the essential features and general aims of the venture. Even if Dr.

Chin or Mr. Humad were not part of the agreement at the very start, he can be found guilty of

conspiracy if the government proves that he willfully joined the agreement later. On the other

hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that

furthers some object or purpose of the conspiracy, does not thereby become a conspirator.[46]

---

451 (E.D.N.Y.), *vacated on other grounds by* 68 F.3d 577 (2d Cir. 1995) (in context of mail fraud, Second Circuit distinguishes between a "fraud or an aggressive sales tactic") (citing *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1178 (2d Cir.1970)).

[44] Pattern Crim. Jury Instructions for the First Circuit, No. 4.18.371(1).

[45] *See United States v. MacKenzie, et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 68-69. *See also United States v. Hyson*, 721 F.2d 856, 862 (1st Cir. 1983); *United States v. Richardson*, 225 F.3d 46, 53-54 (1st Cir. 2000).

[46] *See* Pattern Crim. Jury Instructions for the First Circuit, No. 4.18.371(1).

The government must prove beyond a reasonable doubt that Dr. Chin or Mr. Humad had actual knowledge of the facts that made his conduct unlawful; showing that he had knowledge of generalized illegality is insufficient.  Likewise, it is not sufficient for the government to prove that Dr. Chin or Mr. Humad should have had knowledge of particular facts merely because of the position he had at the company.[47]  Nor does the fact that an alleged coconspirator believed he or she was breaking the law, by itself, prove what Dr. Chin or Mr. Humad knew or intended.[48]

In sum, you will analyze the second element of the conspiracy charge from this perspective: Did Dr. Chin and Mr. Humad, with an understanding of the unlawful character of the conspiracy, intentionally engage or advise or assist in it for the purpose of furthering the illegal undertaking?  If the government satisfies you beyond a reasonable doubt that Dr. Chin or Mr. Humad did so, you may find him to have become a knowing and willing participant in the underlying agreement under the second element.[49]

---

[47] *See United States v. MacDonald & Watson Waste Oil Co.*, 933 F.2d 35, 55 (1st Cir. 1991) ("In a crime having knowledge as an express element, a mere showing of official responsibility . . . is not an adequate substitute for direct or circumstantial proof of knowledge."); *United States v. Burgos*, 703 F.3d 1, 10 (1st Cir. 2012) ("[T]he Government must establish that the defendant had knowledge of the crime charged. Showing that the defendant had knowledge of generalized illegality is insufficient. . .") (citations omitted).

[48] *See United States v. Kaplan*, 490 F.3d 110, 119-21 (2d Cir. 2007) (absent proof that employees' knowledge of an alleged fraud was communicated to defendant or that he was exposed to the same information, their knowledge was "minimal[ly]" relevant to defendant's knowledge).

[49] *See United States v. MacKenzie, , et al.*, CR-01-10350 (D. Mass. 2004), Transcript of Charge to the Jury, July 9, 2004, at 70.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 34**

**2ND CONSPIRACY ELEMENT (CONT'D): GOOD FAITH DEFENSE**

A person's good faith that his or her conduct was lawful is a defense to the charge of conspiring to violate the Anti-Kickback Statute. This is because good faith is inconsistent with that knowledge or willfulness or specific intent that it is necessary for the government to prove beyond a reasonable doubt to establish a violation of the Anti-Kickback Statute.

If a person acted in the belief or with an opinion he or she honestly held that his or her actions were not criminal, that person's actions are not criminal simply because the belief or opinion is inaccurate or incorrect or wrong. A person's honest mistake of judgment does not fall to the level of criminal conduct that comes within the ambit of the Anti-Kickback Statute merely because the belief or opinion turns out to be inaccurate or incorrect or wrong.

Good faith has no precise definition, but it encompasses, among other things, a belief or opinion honestly held or an intention to avoid taking unfair advantage of circumstances. And so in determining whether the government has proven the defendant's knowledge, willfulness, and specific intent beyond a reasonable doubt, or whether there is a reasonable doubt such that the defendant instead may have acted in good faith, you must consider all of the evidence that bears on his or her state of mind.[50]

The burden of proving good faith does not rest with a defendant because, as I told you, no defendant bears a burden to prove anything to you in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that a person acted knowingly, willfully, and with a

---

[50] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 58-59.

    *See also* 1A K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions*, § 19.06 (6th ed.).

specific intent. And in this connection, the government must satisfy you that the person did not

act in good faith.[51]

---

[51] *United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 59.
*See also* 1A K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions*, § 19.06 (6th ed.).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 35**

**3RD ELEMENT: OVERT ACT**

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Dr. Chin and Mr. Humad personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy—in this case, between 2012 and June 2019.[52]

---

[52] *See* Pattern Crim. Jury Instructions for the First Circuit § 4.18.371(1).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 36**

**<u>COUNTS TWO THROUGH FIVE:</u> VIOLATION OF ANTI-KICKBACK STATUTE; ELEMENTS**

In addition to charging the defendants with conspiracy to violate the Anti-Kickback Statute, the indictment also charges them with four counts of violating the Anti-Kickback Statute. Each of those counts concerns payments made to a specific surgeon. For each count, you must determine whether the government has proved beyond a reasonable doubt all of the elements of an Anti-Kickback Statute violation. I mentioned those elements earlier when discussing the charge of conspiracy to violate the Anti-Kickback Statute. Again, they are the following:

<u>First</u>, offering or paying remuneration to the surgeon at issue.

<u>Second</u>, that the remuneration was offered or paid in order to induce the purchasing of a product.

<u>Third</u>, that the product would eventually be paid for in whole or in  part by a federal health care program, such as Medicare and Medicaid.

<u>Fourth</u>, that Dr. Chin or Mr. Humad acted knowingly, willfully, and intentionally. To satisfy this fourth element, the government must prove beyond a reasonable doubt that the defendant was aware of the legal duties that were imposed by the Anti-Kickback Statute. That does not mean that he had to know there is a specific statute that was called the Anti-Kickback Statute and found in some place in the United States Code. But the defendant must be shown to have known that there are legal duties of the type that are embodied in that statute and to have specific intent to violate those duties. It is not a knowing and willful violation for a defendant to mistakenly violate the law because of a misunderstanding of what the law requires, or even to do something that the defendant knew was wrong, unless the defendant also knew that it was illegal.

Nor is it sufficient to find a knowing and willful violation that a defendant knew of his or its legal obligations generally, if he did not also know that his specific actions violated those legal obligations. The government is not required to prove that the defendant knew of the specific law that was violated. But the government is required to prove that the defendant knew that his or its conduct was illegal.[53]

---

[53] 42 U.S.C. § 1320a-7b(b)(2), (h); *United States ex rel. Hart v. McKesson Corp.*, 96 F.4th 145, 157 (2d Cir. 2024), *cert. denied*, No. 23-1293, 2024 WL 4426646 (U.S. Oct. 7, 2024) ("[T]he defendant must act "with knowledge that his conduct was unlawful."); *Pfizer, Inc. v. United States*, 42 F.4th 67 (2d Cir. 2022); *United States v. McClatchey*, 217 F.3d 823, 829 (10th Cir. 2000); *United States ex rel. Langer v. Zimmer Biomet Holdings, Inc.*, No. CV 21-11293, 2024 WL 3633536, at *5 (D. Mass. Aug. 2, 2024) ("To establish a knowing and willful violation, Relator's complaint must allege that Zimmer acted with knowledge that its conduct was unlawful."); *United States ex rel. Gill v. CVS Health Corp.*, No. 18-CV-6494, 2024 WL 3950211, at *23 (N.D. Ill. Aug. 26, 2024); *United States v. McKesson Corp.*, 602 F. Supp. 3d 575, 593 (S.D.N.Y. 2022) ("[T]he Court is persuaded that willfulness in the AKS requires a defendant to have acted with knowledge that its conduct was unlawful."); *id.* at 596 ("There must be facts from which the Court can infer that Defendants knew the conduct was unlawful and proceeded with the business practice regardless.")

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 37

### VENUE

Each of you must unanimously agree that the government has proven that the same,

particular overt act was committed in the District of Massachusetts.[54]

---

[54] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 71. *See also* 2 K. O'Malley & W. Lee, *Federal Jury Practice and Instructions* § 31.07 (6th ed.); *United States v. Santiago*, 83 F.3d 20, 24-25 (1st Cir. 1996).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 38**

**ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of Dr. Chin and Mr. Humad, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges against Dr. Chin and Mr. Humad.

Since these acts may have been performed and these statements may have been made outside the presence of Dr. Chin and Mr. Humad and even done or said without his knowledge, these acts or statements should be examined with particular care by you before considering them against Dr. Chin and Mr. Humad, who did not do the particular act or make the particular statement.[55]

---

[55] *See* 2 K. O'Malley & W. Lee, *Federal Jury Practice and Instructions* § 31.06 (6th ed.).

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 39

## WITHDRAWAL FROM CONSPIRACY

A person is not liable for acts committed before one joins a conspiracy or after a withdrawal from a conspiracy.[56] A defendant can withdraw from a business conspiracy (a conspiracy carried out through the regular activities of an otherwise legitimate business enterprise) by severing his ties to the business if his employment at the business was essential to the defendant's involvement in the alleged conspiracy and the defendant no longer maintained any ties with the business.[57] To the extent you find the defendant could not or was not a part of the conspiracy after his termination from the company, you cannot consider any actions occurring after the defendant's termination in assessing the defendant's liability in this case.

---

[56] *See* Pattern Crim. Jury Instructions for the First Circuit § 4.18.371(2), comment 3; *see also United States v. O'Campo*, 973 F.2d 1015, 1021 (1st Cir. 1992); *United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).

[57] *See United States v. Shaw*, 106 F. Supp. 2d 103, 123 (D. Mass. 2000). *See also United States v. Goldberg*, 401 F.2d 644, 649 (2d Cir. 1968) (acquitting defendant who withdrew from the conspiracy before the statute of limitations period by resigning from the business); *United States v. Lothian*, 976 F. 2d 1257, 1263-64 (9th Cir. 1992) (defendant may withdraw from a conspiracy alleged to be embodied in the operations of a business by showing "retirement . . . from the business, severance of all ties to the business, and consequent deprivation to the remaining conspirator group of the services that constituted the retiree's contribution to the fraud") (citation omitted); *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839 (11th Cir. 1999) (in business conspiracies that are allegedly "carried out through the regular activities of an otherwise legitimate business enterprise," resignation is a type of affirmative and disavowing act sufficient for withdrawal); *United States v. Nerlinger*, 862 F.2d 967, 974 (2d Cir. 1988) (holding that defendant "unquestionably disavowed the conspiracy when he resigned from [the company]" which "foreclosed his continuing in that role and relinquished any claim to subsequent profits."); *United States v. Schorovsky*, 202 F.3d 727, 729 (5th Cir. 2000) (holding that the defendant "met her burden [of demonstrating withdrawal] by establishing that she affirmatively acted inconsistent with the object of the conspiracy when she left the [enterprise] and told [the leader's wife] that she wanted nothing else to do with the conspiracy;" by telling "a major player in the conspiracy . . . [the] wife of the conspiracy's leader," the defendant's "desire to withdraw from the conspiracy was communicated in a manner reasonably calculated to reach the other conspirators."); *United States v. Steele*, 685 F.2d 793, 803-04 (3d Cir. 1982) (because the government produced no evidence of defendant's continuing participation in the conspiracy after he resigned, the Court reversed his convictions on all accounts, noting that he had permanently severed his employment relationship); *United States v. Juodakis*, 834 F.2d 1099, 1102-03 (1st Cir. 1987) (reversing conviction for conspiracy where defendant "graphically communicated (in a nonverbal manner) that he was quitting the enterprise" by quitting job and relocating).

Likewise, if you conclude that the defendant entered an agreement with another person with the specific intent to violate the Anti-Kickback Statute, you cannot consider any actions occurring before the date of that agreement in assessing the defendant's liability in this case.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 40**

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations. When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.[58]

---

[58] Pattern Crim. Jury Instructions for the First Circuit, No. 6.01.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 41**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.[59]

---

[59] Pattern Crim. Jury Instructions for the First Circuit, No. 6.02.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 42**

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate. It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.[60][60]

---

[60] Pattern Crim. Jury Instructions for the First Circuit, No. 6.03.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 43**

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.[61]

---

[61] Pattern Crim. Jury Instructions for the First Circuit, No. 6.04.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 44

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.[62]

Respectfully submitted,

**KINGSLEY CHIN**

By their attorneys,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

---

[62] Pattern Crim. Jury Instructions for the First Circuit, No. 6.05.

**ADITYA HUMAD**

By his attorneys,

/s/ *William W. Fick*
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document, filed on February 18, 2025, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Joshua L. Solomon