UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 1:21-cr-10256-IT |
| ADITYA HUMAD, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

March 7, 2025

TALWANI, D.J.

Defendant Aditya Humad is charged with multiple violations of the federal Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b)(2), and with conspiracy to violate that statute, in violation of 18 U.S.C. § 371. The government previously argued that Humad and his co-Defendants, including SpineFrontier, Inc. ("SpineFrontier"), waived the attorney-client privilege by sending letters they obtained from outside counsel Strong & Hanni PC to surgeon-consultants that Defendants enrolled or sought to enroll in the alleged unlawful kickback scheme charged here. See Gov't Mot. for a Finding of Waiver of the Attorney-Client Privilege [Doc. No. 152]. The court found that the pre-indictment, extrajudicial disclosures were not themselves a sufficient basis upon which to infer waiver of the attorney-client privilege as to all communications relating to the subject matter of those letters, but that the attorney-client privilege might be waived by Defendants seeking to argue or introduce evidence at trial of their attorneys' involvement to negate the *mens rea* the government must prove. See Mem. & Order 4-5 [Doc. No. 179]. To avoid prejudice from a late disclosure, the court permitted the government to serve subpoenas on Strong & Hanni related to the subject matter of the opinion letters, with responsive documents returnable to the court under seal pending further court order. Id. at 6. As

set forth in an October 10, 2024 letter copied to counsel, Strong & Hanni responded to the government's subpoena and sent documents to the court, see Strong & Hanni and Peter J. Baxter's Response to Subpoena [Doc. No. 222], where they remain under seal.

Humad and his co-Defendants[1] filed a Motion to Reconsider the Court's June 7, 2024 Order Re: Attorney-Client Privilege and Potential Trial Defenses ("Motion for Reconsideration") [Doc. No. 191], which the court granted in part and denied in part:

> The court has clarified that its warning does not concern lawyers as to whom the Defendants are not asserting an attorney-client privilege, and that the warning concerns Defendants' references to lawyers for the purpose of rebutting *mens rea*. If Defendants point out to the jury the presence of lawyers "in the room" to draw such an exculpatory inference then, depending on the circumstances, either the jury will be instructed that no exculpatory inference may be drawn as to Defendants' *mens rea* from the fact that those individuals were lawyers, or the attorney-client privilege will be deemed waived.

Mem. & Order at 11 [Doc. No. 247].

On March 3, 2025, Humad filed a notice with this court stating that he "intends to elicit evidence concerning the presence or involvement of SpineFrontier's counsel in the company's consulting program . . . and to argue that the presence or involvement of such attorneys . . . tends to show that Mr. Humad acted in good faith—that is, without any intent to violate the Anti-Kickback Statute or engaged in any unlawful conduct." Humad's Notice at 1 [Doc. No. 277]. After this court sought clarification, Humad filed a subsequent notice, on March 4, stating that he understands his confidential communications, as a corporate officer of SpineFrontier, to be protected by SpineFrontier's attorney-client privilege. See Notice at 1 [Doc. No. 283]. The

---

[1] SpineFrontier was still a defendant when Defendants filed the Motion for Reconsideration [Doc. No. 191]. The government has since dismissed the charges against SpineFrontier. See Gov't Mot. to Dismiss [Doc. No. 225]; Elec. Order [Doc. No. 226].

government responded requesting, *inter alia*, that the court provide the government with the documents produced by SpineFrontier's counsel. See Gov't Response at 3 [Doc. No. 281].

On review of these filings, the court advised the parties that it intended to allow inquiry at Humad's trial into communications between Humad and SpineFrontier's counsel and that, following *in camera* review, the court would provide the United States with documents produced by Strong & Hanni PC that constitute communications between Defendant Humad and counsel. See Elec. Order [Doc. No. 290]. The court also provided notice to SpineFrontier that "[t]o the extent that SpineFrontier claims that Humad is barred from raising this defense (with the resultant waiver), it shall . . . provide any authority for that position." Id. On March 6, SpineFrontier filed a Response objecting to the court's finding of waiver by Humad. See SpineFrontier Response [Doc. No. 296].

The court finds no basis to bar Humad from raising this defense and, as previously explained, finds that Humad's raising of this defense waives the privilege as to his communications with Strong & Hanni PC. Accordingly, the documents produced by Strong & Hanni PC will be reviewed by the court *in camera*, and the communications between Humad and Strong & Hanni PC attorneys will be produced to the government.

SpineFrontier's Response stated that it sought to preserve its objections to allow an immediate interlocutory appeal "should the Court order a production of privileged materials." Id. at 2. Accordingly, to accommodate review of the privilege issue, this order is stayed to allow SpineFrontier's "immediate interlocutory appeal." Id.

IT IS SO ORDERED.

March 7, 2025                           /s/ Indira Talwani
                                                        United States District Judge