UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:21-cr-10256-IT-2 |
| | * | |
| ADITYA HUMAD, | * | |
| | * | |
| Defendant. | * | |

ORDER DENYING DEFENDANT'S MOTION TO RECOGNIZE DISMISSAL OF
INDICTMENTS AND TO DIRECT CLERK TO CLOSE CASE

April 8, 2026

TALWANI, D.J.

Pending before the court is Defendant Aditya Humad's motion in which he asks that the

court "recognize that, on August 6, 2025, the Superseding Indictment and original Indictment

were dismissed and direct the Clerk to close this case." Def.'s Mot. 8 [Doc. No. 426]. For the

following reasons, the motion is DENIED.

## I.        The Indictments Were Dismissed as to Chin but not as to Humad

Humad's motion rests on the assertion that during a hearing on August 6, 2025, the court

dismissed the Indictment [Doc. No. 1] and Superseding Indictment [Doc. No. 310] as to Humad.

See Def.'s Mot. 2–3 [Doc. No. 426]. That account is fiction.

Defendants Humad and Kingsley R. Chin were charged in an Indictment [Doc. No. 1] on

August 30, 2021, and in a Superseding Indictment [Doc. No. 310] on April 1, 2025.[1] On May 15,

---

[1] SpineFrontier, Inc. ("SpineFrontier") was also charged in the Indictment [Doc. No. 1] but the charges against SpineFrontier were subsequently dismissed. See Mem. & Order [Doc. No. 211] (granting Defendants' Motion to Dismiss Count Eight of the Indictment [Doc. No. 147]); Elec. Order [Doc. No. 226] (granting government's Motion to Dismiss Specific Counts of the Indictment [Doc. No. 225], including Counts 1 through 7 (all remaining counts) against SpineFrontier).

2025, the government filed a <u>Superseding Information</u> [Doc. No. 377] and <u>Plea Agreement</u> [Doc. No. 378] as to Chin only. Pursuant to his Plea Agreement, "Kingsley R. Chin ('Defendant')" agreed "to plead guilty to Count One of the Superseding Information" and the U.S. Attorney agreed "to dismiss Counts One through Four of the Superseding Indictment and Counts One, Two, Three, and Five of the Indictment pending against the Defendant following the imposition of a sentence at Defendant's sentencing hearing." Plea Agreement 1 [Doc. No. 378].

On May 16, 2025, following Chin's plea, the court set a hearing for August 6, 2025, for Chin's sentencing. <u>See</u> Amended Procedural Order re: Sentencing Hearing 1 [Doc. No. 382]. The August 6, 2025 hearing was called in Chin's name and not Humad's. <u>See</u> Sentencing Tr. 3 [Doc. No. 398] ("This is Case Number 21-cr-10256, United States v. Kingsley R. Chin"). Neither Humad nor his counsel sat at counsel's table or identified themselves for the record. <u>Id.</u>

During Chin's sentencing, the following exchange occurred between Chin's attorney (Attorney Pollack), the government's attorney (Attorney George) and the court:

> Mr. Pollack: Yes, I believe the government has to move to dismiss the remainder of the charges.
>
> . . .
>
> Mr. George: We move to dismiss the remainder of the charges, Your Honor.
>
> Mr. Pollack: No objection.
>
> The Court: And they're all being dismissed.

<u>Id.</u> at 76. Following a further colloquy, the court addressed Chin directly:

> The Court: Okay. We're dismissing the original indictment and we're dismissing - - I am dismissing the superseding indictment, and you . . . stand convicted of the charge on the information.
>
> The Defendant [Chin]: Thank you, Your Honor.

<u>Id.</u> at 78.

2

The Clerk's Notes identified the August 6, 2025 hearing as "Sentencing held on 8/6/2025 for Kingsley R. Chin" and correctly noted that "[t]he Government dismissed all remaining counts against Defendant[.]" Electronic Clerk's Notes [Doc. No. 394]. The written Judgment in a Criminal Case [Doc. No. 395] specified, as to Defendant Chin only, that counts in the original and superseding indictments "are dismissed on the motion of the United States." Id. at 1.

## II.    Humad's Counsel Made Affirmative Representations to the Court That Are Inconsistent With  the Indictments Having Being Dismissed as to Humad

The transcript of Chin's August 6, 2025 sentencing hearing was available on August 20, 2025.[2] On September 12, 2025, SpineFrontier filed its reply brief in its interlocutory appeal, advising the First Circuit that the government had dismissed all charges against SpineFrontier and all Anti-Kickback charges against Chin as part of the plea agreement, and that "at this point, Humad is the only defendant in the criminal case[.]" Reply of Interested Party-Appellant at 14–15, United States v. SpineFrontier, Inc., No. 25-1251 (1st Cir. Sept. 12, 2025).

On September 23, 2025, Humad's counsel represented to this court that there was a live controversy pending in the First Circuit that required the delay of trial. According to Humad and the government's Joint Motion for New Trial Date [Doc. No. 402]:

> This case currently is before the First Circuit on interested third-party SpineFrontier, Inc.'s interlocutory appeal arising out of Defendant Aditya Humad's anticipated defense based on the involvement of SpineFrontier's counsel in the company's consulting program. . . .
>
> [T]he parties believe it would be prudent to move back the date of the trial to avoid further delay following the decision on appeal and unnecessary expenditures of

---

[2] Humad's motion references "[a] review of the August 6, 2025, hearing transcript in this case[,]" see Def.'s Mot. 1 [Doc. No. 426], but does not state when that review occurred or suggest that counsel did not have a copy of that transcript as of August 20, 2025.

time and resources in the absence of information on the First Circuit's decision which, one way or the other, will impact the nature of each party's trial preparation.

 . . . [I]f the First Circuit reverses the Court, the Defendant will need time to readjust his pretrial filings and trial strategy.

Id. at 1–2. On these representations, the court granted Humad and the government's joint motion. Electronic Order [Doc. No. 403].[3]

If, as Humad now contends, the court had actually dismissed the Indictments against him on August 6, 2025, Humad's counsel's representations that a trial continuance was warranted and the suggestion that there was a live case and controversy before the First Circuit (which Humad claimed was needed to resolve matters related to Humad's defense), would have been misleading at best. Assuming that counsel have not intentionally misled this court and the First Circuit over the last eight months, the court concludes that Humad and his counsel have fully understood, since Chin's August 6, 2025 sentencing, that the government dismissed the Indictments only as to Chin, and not as to Humad.

### III.    The Legal Authority Offered by Humad Is Not on Point

Humad offers no legal support for the assertion that a motion and order made in the course of a sentencing hearing for a co-defendant is simultaneously and necessarily also made and granted as to a co-defendant whose case is not before the court at that hearing.

---

[3] In its November 26, 2025 decision on the interlocutory appeal, the First Circuit specifically noted that "[w]ell after the district court issued [the order on appeal], Chin pleaded guilty to making false statements in violation of 18 U.S.C. § 1001(a)(2). The government dismissed all the other pending charges against him as part of the plea agreement. Thus, Humad is now the only remaining defendant in the criminal case. His trial is currently scheduled for June 2026." United States v. SpineFrontier, Inc., 160 F.4th 212, 218 (1st Cir. 2025) (emphasis added).

Instead, Humad offers out-of-circuit case law as to time limits for correcting a mistaken dismissal of an indictment. But where Humad has not shown that the Indictments against him were ever dismissed, the timeline for correcting a mistaken dismissal is beside the point.

**IV.     Conclusion**

Accordingly, Defendant Humad's <u>Motion to Recognize Dismissal of Indictments and to Direct Clerk to Close Case</u> [Doc. No. 426] is DENIED.

IT IS SO ORDERED.

April 8, 2026                                    /s/ Indira Talwani
                                                United States District Judge