**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 9, 2026

William Fick
Daniel Marx
Fick & Marx, LLP
24 Federal Street, 4th Floor
Boston, MA 02110

Re: United States v. Aditya Humad
Criminal No. 21-cr-10256-IT

Dear Counsel:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Aditya Humad ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

No later than May 11, 2026, Defendant will plead guilty to Count One of the Superseding Indictment: 18 U.S.C. § 371 (conspiracy to violate the Anti-Kickback statute). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty. The U.S. Attorney agrees to dismiss Counts Two through Four of the Superseding Indictment following the imposition of the sentence at the Defendant's sentencing hearing.

2. Penalties

Defendant faces the following maximum penalties: incarceration for five years; supervised release for three years; a fine of $250,000 or twice the gross pecuniary gain or loss (whichever is greater); a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically

removed from the United States.

3. Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 22:

a) Defendant's base offense level is 8 under the applicable Guideline (USSG § 2B4.1(a));

b) Defendant's offense level is increased by 12, because the value of the bribes paid to Surgeons 1-3 is greater than $250,000 (USSG §§2B1.1/2B4.1);

c) Defendant's offense level is increased by 4, because the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive (USSG §3B1.1(a)); and

d) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant agrees with the calculations as set forth in paragraph 3 (a), (b), and (d) but reserves the right to argue that the enhancement under §3B1.1(a) does not apply as set forth in paragraph 3(c). The U.S. Attorney's Office agrees that there was no allegation of patient harm or medically unnecessary services as a result of Defendant's offense conduct.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for a term of eight months;

b) 12 months of supervised release;

c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

d) No forfeiture or restitution; and

e) A fine of $9,500.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle

Defendant to have Defendant's conviction or sentence overturned.

6. Waiver of Hyde Amendment Claim

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts Two-Four.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys George, Looney, or Queenin.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: Leslie A. Wright
LESLIE A. WRIGHT
Deputy Chief, Health Care Fraud Unit

Mackenzie Queenin
ABRAHAM GEORGE
CHRISTOPHER LOONEY
MACKENZIE QUEENIN
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received offers by letter dated May 7, 2025 and April 30, 2026 and rejected them.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Aditya Humad
Defendant

Date: 05/09/2026

I certify that Aditya Humad has read this Agreement and that we have discussed what it means. I believe Aditya Humad understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney, in addition to this offer, the U.S. Attorney extended offers dated May 7, 2025 and April 30, 2026 and that I fully discussed those offers with Defendant before Defendant rejected them.

William Fick
Daniel Marx
Attorneys for Defendant

Date: ______________________

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received offers by letter dated May 7, 2025 and April 30, 2026 and rejected them.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

______________________________
Aditya Humad
Defendant

Date: ____________________

I certify that Aditya Humad has read this Agreement and that we have discussed what it means. I believe Aditya Humad understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney, in addition to this offer, the U.S. Attorney extended offers dated May 7, 2025 and April 30, 2026 and that I fully discussed those offers with Defendant before Defendant rejected them.

______________________________
William Fick
Daniel Marx
Attorneys for Defendant

Date: 5/9/26



Scanned with CamScanner