# Exhibit 5

Fick & Marx

**Daniel N. Marx**
TEL: 857-321-8360
FAX: 857-321-8361
DMARX@FICKMARX.COM

July 15, 2026

**By Email**
Ms. Samantha Jackson
U.S. Probation Officer
U.S. Probation and Pretrial Services Office
U.S. Courthouse
One Courthouse Way, Suite 1-200
Boston, MA 02210

**Re: *United States v. Aditya Humad*, No. 1:21-cr-10256-2-IT**

Dear Ms. Jackson:

We write with the following objections and corrections to the draft presentence report from your office regarding our client, Aditya Humad.

Page 2. The arrest date was September 7, 2021 (not 2026), and the release date was same.

2. Mr. Humad's initial bond was secured by assets in his retirement accounts.

3. On July 3, 2024, the Court dismissed Count 8 against all Defendants. D.E. 181 (allowing Defendants' motion). As the draft notes, the Court later dismissed all remaining Counts against Co-Defendant SpineFrontier, Inc. and Counts 6 and 7 against Mr. Humad and Co-Defendant Kingsley Chin. Also, "SpineFronteir" should be "SpineFrontier."

4. By agreement, Mr. Humad's replacement bond was secured by equity in his condominium at 10 Museum Way.

7. In the plea agreement, the government calculates a total offense level of 22, but Mr. Humad reserved the right to oppose the application of the "role" enhancement. D.E. 482.

8. As noted above, Mr. Humad objects to the application of the "role" enhancement.

10. In the plea agreement, the government agreed to recommend a sentence of 8 months of incarceration, but Mr. Humad reserved the right to recommend any different sentence. D.E. 482.

13. Dr. Chin was sentenced to 12 months of supervised release with a special condition of 6 months of home confinement.

14. On January 21 (not January 1), 2026, all counts were dismissed against Co-Defendant SpineFrontier, Inc. D.E. 226.

24 Federal Street, 4th Floor, Boston, MA 02110

23. Mr. Humad was tasked with authorizing, or not, the *payment* of surgeons' consulting hours rather than the hours themselves, which the surgeons logged, via IME, and for which they billed SpineFrontier.

24. The referenced memorandum, signed by Mr. Humad and SpineFrontier's General Counsel, Paul Speidel, does not mention "concerns about compliance" with the Anti-Kickback Statute or Physician Payment Sunshine Act. The memorandum, which speaks for itself, states: "We recognize . . . the evolving compliance environment . . ." Ex. A (two versions of memorandum, dated September 26, 2013, and September 27, 2013, respectively). Regardless, as the government stipulated before trial and as the PSR should note, Mr. Humad ensured that SpineFrontier disclosed all payments to doctors as "consulting payments" by SpineFrontier itself, not IME. (The government disputes the characterization of those payments, but it concedes, we believe, that the public disclosures identified SpineFrontier by name as the payer, as the public CMS records reflect.)

28. Dr. Chin and Mr. Humad discussed the possible assignment of a minority ownership interest in KICVentures to Humad in 2016 (10 percent and then an additional 5 percent over 5 years) and drafted a document regarding that proposed transaction, but as later tax filings show, that assignment never occurred. *See* Ex. B (redacted tax filings and organizational chart).

31. The government does not contend, and Mr. Humad denies, that SpineFrontier's entire consulting program was a "sham," and thus, the word "sham" should be omitted from the summary of the offense. In connection with its consulting program, SpineFrontier paid the surgeon-consultants, and Dr. Chin and Mr. Humad directed those payments. Many surgeon-consultants provided valuable consulting services. Even Surgeons 1-3 performed some consulting work, although not sufficient work to justify the payments that they received from SpineFrontier. Accordingly, Paragraph 31 should read:

> At the direction of Dr. Chin and Mr. Humad, SpineFrontier paid hundreds of thousands of dollars in bribes to surgeons pursuant to the company's consulting program that paid surgeons between $250 and $1,000 per hour for each hour that the surgeon claimed to have spent performing consulting services, but Surgeons 1-3 did not perform adequate work to justify the payments that they received.

32. In connection with its consulting program, SpineFrontier paid the surgeon-consultants, and Dr. Chin and Mr. Humad directed those payments. Accordingly, Paragraph 32 should read:

> At the direction of Dr. Chin and Mr. Humad, SpineFrontier paid over $540,000 . . .

33. The government does not contend, and Mr. Humad denies, that the entire consulting program was a "sham," and thus, the word should be omitted from the summary of the offense.

47. As discussed in our letter, dated July 9, 2026, the 4-level "role" enhancement is not applicable to Mr. Humad in this case. Although Mr. Humad had "substantial decision-making authority" regarding the payments to consulting-surgeons and regularly communicated with those doctors, he did not have any supervisory or management authority over them; instead, he dealt with the doctors as counterparties to the consulting contracts that they signed with SpineFrontier (and later, IME). Nor did Mr. Humad exercise such authority over J.B., an independent distributor who worked in Kansas, or S.A., a sales rep who worked in Texas and reported to the Chief Sales Officer (not Mr. Humad). Application of the enhancement would not serve its purpose to punish more severely offenders who are "more likely to recidivate" or "profit more from" offense conduct. Here, there is no risk that Mr. Humad will recidivate, and he did not reap personal profits from the unlawful consulting payments.

62. Mr. Humad's father, Sameer Humad, is a retired medical doctor, so the reference should be to "Dr. Sameer Humad." Also, Mr. Humad has an older (not younger) sister and is the youngest (not oldest) child in the family.

65. During the war, Dr. Humad was unable to leave Kuwait, because he was a physician and not authorized to leave his position at the hospital where he worked.

69. Dr. Humad retired earlier this year. Since then, he and his wife have moved back to India, where they currently reside.

70. Mr. Humad's parents plan to split their time between India, where the extended family resides, and the U.S., where Mr. Humad, his wife, his sister, and his niece all reside.

81. Mr. Humad purchased a one-bedroom condominium at 10 Museum Way in 2012, where he resided until 2022. Then, in 2022, after Mr. Humad and his wife married, they rented a two-bedroom condominium at 8 Museum Way, where they currently reside.

90. On May 20, 2026, Mr. Humad resigned from his position as an officer and CFO of KIC Ventures, and on June 15, 2026, he separated from the company. Mr. Humad is currently unemployed, and he does not work for KIC Ventures (or any affiliated entity) in any capacity.

103. When Mr. Humad was 19, and an undergraduate student at the University of Pennsylvania, he met Dr. Chin, who was then a Professor at the UPenn School of Medicine and Chief of Spine Surgery at UPenn Hospital.

104. In 2009, Dr. Chin recruited Mr. Humad to join SpineFrontier, and from 2009 through 2010, Mr. Humad served as a financial analyst with a salary of $60,000 per year.

106. The new entity, which was created to centralize administrative and financial operations (*e.g.*, payroll) across several companies was called "KIC Management Group," not "Kingsley Chin Management Group."

107. In 2014, Mr. Humad transitioned from CFO of SpineFrontier to CFO of KIC Management Group. He also served as President of the new company. From FY2015 through FY2025, Mr. Humad's salary varied, but his average salary was about $80,000 per year. In 2026, at the time of his separation from the company, his salary was $75,000 per year.

108. Mr. Humad entered a Consulting Agreement with KIC Ventures in May 2026, but after he received an exclusion notice from NYOMIG, he entered a Separation Agreement that superseded his Consulting Agreement. As noted above, Mr. Humad separated from KIC Management Group as of June 15, 2026, and he no longer works for the company (or any affiliated company) in any capacity.

109. By "redeeming the ability of the body," Mr. Humad meant improving the lives of patients by restoring spine mobility and reducing chronic pain.

110. At the time of his interview, Mr. Humad was considering, among other possibilities, continuing to work with KIC Ventures in a role unrelated to healthcare products or services. Since then, however, Mr. Humad has separated from the company, and he is no longer considering any such role. His plans for employment in the future remain uncertain.

113. The cash balance of Mr. Humad's checking account fluctuates, and the current balance is about $18,000, not $32,000.

115. The investment balance of Mr. Humad's brokerage account also fluctuates, and the current balance is about $170,000, not $185,000. The account does not have a "cash value," because the assets (including crypto investments) fluctuate on a regular basis.

116. The state cases arose from employment disputes, not claims concerning SpineFrontier's consulting program. A judgment entered for the plaintiffs, and all defendants (including SpineFrontier, KIC Ventures, Dr. Chin, and Mr. Humad) were held jointly and severally liable. The current amount due is $145,000, and it is subject to discussions between Dr. Chin and the plaintiffs. The federal case was a civil false claims action, and all defendants (including various corporate entities, Dr. Chin, his wife (Vanessa Dudley), and Mr. Humad) reached a global settlement. Mr. Humad has complied with all his obligations under the agreement; to date, he has paid $135,967 (with represents $135,000 plus interest), and the remaining amount due is $20,000 over the next two years, with payments due in March 2027 and March 2028.

118. Mr. Humad incurred these legal fees in connection with the civil and criminal cases concerning SpineFrontier. Although the company had indicated that it would reimburse Mr. Humad, he does not know if or when he might receive any funds from the company, which remains in financial distress.

119. In 2022, Mr. Humad was assigned a non-voting, 25 percent interest in KIC Investment Company, LLC (not KIC Management Group, Inc.), which was valued at $0.

Thank you for your consideration of these objections and corrections. If you need any additional information or have any questions, please contact me at (646) 489-9101 or dmarx@fickmarx.com.

Sincerely,

Daniel N. Marx

cc: SUSPO Andrea Edgar
AUSA Abraham R. George
AUSA Mackenzie A. Queenin
AUSA Christopher R. Looney
William W. Fick
Amy Barsky

# EXHIBIT A

SPINEFRONTIER®

500 Cummings Center
Suite 3500
Beverly, MA 01915
U.S.A

Phone: +1 978 232 3990
Fax: +1 978 232 3991
www.spinefrontier.com
customerservice@spinefrontier.com

September 26, 2013

**Memo: Changes in Consulting Agreements**

Dear Clinical Advisors,

SpineFrontier, Inc. recognizes and understands the evolving compliance environment in lieu of the Physician Payments Sunshine Act, Anti-Kickback Statute and the Stark Law. All device companies will continue to utilize surgeon feedback for product improvements and SpineFrontier's internal compliance team is proactively looking at ways to ensure that surgeons can continue to innovate for the benefits of patients while being in compliance.

As such we are taking the step to remove direct consulting relationships with surgeons to lessen the potential risks of conflict. We have chosen to outsource all related consulting services to Impartial Medical Experts (IME), a consulting referral service that works with a variety of companies to provide medical experts services such as independent medical expert testimony, expert witness opinions, product evaluation and teaching.

SpineFrontier, Inc. has authorized IME to manage its entire spine consulting services at a fair market rate of up to $500 per hour, which will replace any existing clinical advisor agreements effective October 1, 2013. For example, a product evaluation may take up to two hours depending on the complexity of the system.

We believe government oversight of the industry will continue, as demonstrated by recent press related to investigations of physician-owned distributorships, or PODs by the Office of Inspector General (OIG). In addition, the Physician Payments Sunshine Act (Sunshine Act) requires manufacturers of drugs, medical devices and biologics that participate in U.S. federal health care programs to report certain payments and items of value given to physicians and teaching hospitals. Manufacturers are required to collect and track payment, transfer and ownership information beginning Aug. 1, 2013. Manufacturers will submit the reports to the Centers for Medicare & Medicaid Services (CMS) on an annual basis.

We will continue to monitor changes that might affect your working relationships with device companies. The current arrangement with IME should offer you a degree of comfort.

Sincerely,

**Aditya Humad**
Chief Financial Officer
VP of Business Development

**Paul Speidel**
General Counsel
Regulatory Affairs Manager

SpineFrontier®
500 Cummings Center
Suite 3500
Beverly, MA 01915
USA
Phone: +1 978 232 3990
Fax: +1 978 232 3991
www.spinefrontier.com
customerservice@spinefrontier.com

September 27, 2013

**Memo: Outsourcing SpineFrontier, Inc. Consulting Services**

Dear Surgeons,

Like all device companies, SpineFrontier, Inc. understands that surgeon input on our products and training through consulting arrangements is important to advance the field and patient care. We also recognize the evolving compliance environment in lieu of the Physician Payments Sunshine Act, Anti-Kickback Statute, the Stark Law and comments by the Office of Inspector General related to physician-owned distributorships, or PODs. To that end, SpineFrontier, Inc. is removing direct consulting relationships with surgeons and has chosen to outsource all related consulting services to Impartial Medical Experts (IME). IME is a consulting referral service that works with a variety of companies to provide medical experts services such as independent medical expert testimony, expert witness opinions, product evaluation and teaching.

SpineFrontier, Inc. has authorized IME to manage its entire spine consulting services at a fair market rate of up to $500 per hour, which will replace any existing clinical advisor agreements effective October 1, 2013. For example, a product evaluation may take up to two hours depending on the complexity of the system.

We look forward to working with you on the various consulting activities through IME.

Sincerely,

Aditya Humad
Chief Financial Officer
VP of Business Development

**Paul Speidel**
General Counsel
Regulatory Affairs Manager

# EXHIBIT B

*As per Tax Documents from FY2019*




- *KICVentures FY2019 Tax Return (Sch G) shows 100% ownership by KIC LLC.*
- *Chin's FY2019 Personal Tax Return (Sch C) shows Sole Proprietorship of Kingsley Investment Company LLC (KIC LLC)*
- *Spinefrontier Inc's FY2019 TX Franchise Tax Return (Section C) shows KICVentures LLC as the 97% owner.*



350 Main Street 2nd Floor
Malden, MA 02148
978.232.3990
www.kicventuresgroup.com

Form **1120** U.S. Corporation Income Tax Return

Department of the Treasury Internal Revenue Service

For calendar year 2019 or tax year beginning ____ ending ____

EXTENSION GRANTED TO 10/15/20

▶ Go to www.irs.gov/Form1120 for instructions and the latest information.

OMB No. 1545-0123

**2019**

| A Check if: | | Name / Address | B Employer identification number |
|---|---|---|---|
| 1a Consolidated return (attach Form 851) | X | Name KICVENTURES LLC<br>C/O KIC MANAGEMENT GROUP, INC. | [redacted] |
| b Life/nonlife consolidated return | | Number, street, and room or suite no. If a P.O. box, see instructions.<br>350 MAIN STREET, 2ND FLOOR | C Date incorporated 12/18/2013 |
| 2 Personal holding co. (attach Sch. PH) | | | |
| 3 Personal service corp. (see instructions) | | City or town, state or province, country, and ZIP or foreign postal code<br>MALDEN, MA 02148 | D Total assets (see instructions) $ 18,585,523. |
| 4 Schedule M-3 attached | X | | |

E Check if: (1) [X] Initial return (2) [ ] Final return (3) [ ] Name change (4) [ ] Address change

**Income**

| Line | Description | | | Line | Amount |
|---|---|---|---|---|---|
| 1a | Gross receipts or sales | 1a | 13,794,078. | | |
| b | Returns and allowances | 1b | | | |
| c | Balance. Subtract line 1b from line 1a | | | 1c | 13,794,078. |
| 2 | Cost of goods sold (attach Form 1125-A) | | | 2 | 5,217,808. |
| 3 | Gross profit. Subtract line 2 from line 1c | | | 3 | 8,576,270. |
| 4 | Dividends and inclusions (Schedule C, line 23) | | | 4 | |
| 5 | Interest | | | 5 | 16,243. |
| 6 | Gross rents | | | 6 | |
| 7 | Gross royalties | | | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | | | 8 | |
| 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | | 9 | |
| 10 | Other income (attach statement) SEE CONSOLIDATED INCOME AND DEDUCTIONS | | | 10 | 359,136. |
| 11 | **Total income.** Add lines 3 through 10 ▶ | | | 11 | 8,951,649. |

**Deductions (See instructions for limitations on deductions.)**

| Line | Description | | | Line | Amount |
|---|---|---|---|---|---|
| 12 | Compensation of officers (attach Form 1125-E) ▶ | | | 12 | 120,965. |
| 13 | Salaries and wages (less employment credits) | | | 13 | 3,311,764. |
| 14 | Repairs and maintenance | | | 14 | 21,554. |
| 15 | Bad debts | | | 15 | 273,350. |
| 16 | Rents | | | 16 | 212,675. |
| 17 | Taxes and licenses | | | 17 | 406,746. |
| 18 | Interest (see instructions) | | | 18 | 304,592. |
| 19 | Charitable contributions | | | 19 | |
| 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | | | 20 | 199,888. |
| 21 | Depletion | | | 21 | |
| 22 | Advertising | | | 22 | 112,674. |
| 23 | Pension, profit-sharing, etc., plans | | | 23 | 9,706. |
| 24 | Employee benefit programs | | | 24 | 104,775. |
| 25 | Reserved for future use | | | 25 | |
| 26 | Other deductions (attach statement) SEE CONSOLIDATED INCOME AND DEDUCTIONS | | | 26 | 7,472,917. |
| 27 | **Total deductions.** Add lines 12 through 26 ▶ | | | 27 | 12,551,606. |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | | 28 | -3,599,957. |
| 29a | Net operating loss deduction (see instructions) | 29a | | | |
| b | Special deductions (Schedule C, line 24) | 29b | | | |
| c | Add lines 29a and 29b | | | 29c | |

**Tax, Refundable Credits, and Payments**

| Line | Description | Line | Amount |
|---|---|---|---|
| 30 | **Taxable income.** Subtract line 29c from line 28. See instructions | 30 | -3,599,957. |
| 31 | Total tax (Schedule J, Part I, line 11) | 31 | 0. |
| 32 | 2019 net 965 tax liability paid (Schedule J, Part II, line 12) | 32 | |
| 33 | Total payments, credits, and section 965 net tax liability (Schedule J, Part III, line 23) | 33 | |
| 34 | Estimated tax penalty. See instructions. Check if Form 2220 is attached ▶ [ ] | 34 | |
| 35 | **Amount owed.** If line 33 is smaller than the total of lines 31, 32, and 34, enter amount owed | 35 | 0. |
| 36 | **Overpayment.** If line 33 is larger than the total of lines 31, 32, and 34, enter amount overpaid | 36 | |
| 37 | Enter amount from line 36 you want: **Credited to 2020 estimated tax** ▶ Refunded ▶ | 37 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: [signature] Date: 11/25/20 Title: CEO

May the IRS discuss this return with the preparer shown below? [X] Yes [ ] No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check if self-employed | PTIN |
|---|---|---|---|---|
| ROBERT F. PAGANO | ROBERT F. PAGANO | 11/25/20 | [ ] | [redacted] |

Firm's name ▶ ROBERT F. PAGANO & ASSOCIATES, P.C. Firm's EIN ▶

Firm's address ▶ 142 COMMERCIAL ST. BOSTON, MA 02109 Phone no. [redacted]

| Schedule C Dividends, Inclusions, and Special Deductions (see instructions) | (a) Dividends and inclusions | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|
| 1 Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | | 50 | |
| 2 Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | | 65 | |
| 3 Dividends on certain debt-financed stock of domestic and foreign corporations | | see instructions | |
| 4 Dividends on certain preferred stock of less-than-20%-owned public utilities | | 23.3 | |
| 5 Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 26.7 | |
| 6 Dividends from less-than-20%-owned foreign corporations and certain FSCs | | 50 | |
| 7 Dividends from 20%-or-more-owned foreign corporations and certain FSCs | | 65 | |
| 8 Dividends from wholly owned foreign subsidiaries | | 100 | |
| 9 **Subtotal.** Add lines 1 through 8 | | see instructions | |
| 10 Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 Dividends from affiliated group members | | 100 | |
| 12 Dividends from certain FSCs | | 100 | |
| 13 Foreign-source portion of dividends received from a specified 10%-owned foreign corporation (excluding hybrid dividends) (see instructions) | | 100 | |
| 14 Dividends from foreign corporations not included on line 3, 6, 7, 8, 11, 12, or 13 (including any hybrid dividends) | | | |
| 15 Section 965(a) inclusion | | see instructions | |
| 16a Subpart F inclusions derived from the sale by a controlled foreign corporation (CFC) of the stock of a lower-tier foreign corporation treated as a dividend (attach Form(s) 5471) (see instructions) | | 100 | |
| b Subpart F inclusions derived from hybrid dividends of tiered corporations (attach Form(s) 5471) (see instructions) | | | |
| c Other inclusions from CFCs under subpart F not included on line 15, 16a, 16b, or 17 (attach Form(s) 5471) (see instructions) | | | |
| 17 Global Intangible Low-Taxed Income (GILTI) (attach Form(s) 5471 and Form 8992) | | | |
| 18 Gross-up for foreign taxes deemed paid | | | |
| 19 IC-DISC and former DISC dividends not included on line 1, 2, or 3 | | | |
| 20 Other dividends | | | |
| 21 Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 22 Section 250 deduction (attach Form 8993) | | | |
| 23 **Total dividends and inclusions.** Add column (a), lines 9 through 20. Enter here and on page 1, line 4 | | | |
| 24 **Total special deductions.** Add column (c), lines 9 through 22. Enter here and on page 1, line 29b | | | |



911611
12-30-19

## Schedule J | Tax Computation and Payment (see instructions)

### Part I - Tax Computation

| | | | | | |
|---|---|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)) ▶ ☐ | | | | |
| 2 | Income tax. See instructions | | | 2 | 0. |
| 3 | Base erosion minimum tax amount (attach Form 8991) | | | 3 | |
| 4 | Add lines 2 and 3 | | | 4 | 0. |
| 5a | Foreign tax credit (attach Form 1118) | 5a | | | |
| b | Credit from Form 8834 (see instructions) | 5b | | | |
| c | General business credit (attach Form 3800) | 5c | | | |
| d | Credit for prior year minimum tax (attach Form 8827) | 5d | | | |
| e | Bond credits from Form 8912 | 5e | | | |
| 6 | **Total credits.** Add lines 5a through 5e | | | 6 | |
| 7 | Subtract line 6 from line 4 | | | 7 | 0. |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | | | 8 | |
| 9a | Recapture of investment credit (attach Form 4255) | 9a | | | |
| b | Recapture of low-income housing credit (attach Form 8611) | 9b | | | |
| c | Interest due under the look-back method-completed long-term contracts (attach Form 8697) | 9c | | | |
| d | Interest due under the look-back method-income forecast method (attach Form 8866) | 9d | | | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) | 9e | | | |
| f | Other (see instructions - attach statement) | 9f | | | |
| 10 | **Total.** Add lines 9a through 9f | | | 10 | |
| 11 | **Total tax.** Add lines 7, 8, and 10. Enter here and on page 1, line 31 | | | 11 | 0. |

### Part II - Section 965 Payments (see instructions)

| | | | |
|---|---|---|---|
| 12 | 2019 net 965 tax liability paid from Form 965-B, Part II, column (k), line 3. Enter here and on page 1, line 32 | 12 | |

### Part III - Payments, Refundable Credits, and Section 965 Net Tax Liability

| | | | | | |
|---|---|---|---|---|---|
| 13 | 2018 overpayment credited to 2019 | | | 13 | |
| 14 | 2019 estimated tax payments | | | 14 | |
| 15 | 2019 refund applied for on Form 4466 | | | 15 | ( ) |
| 16 | Combine lines 13, 14, and 15 | | | 16 | |
| 17 | Tax deposited with Form 7004 | | | 17 | |
| 18 | Withholding (see instructions) | | | 18 | |
| 19 | **Total payments.** Add lines 16, 17, and 18 | | | 19 | |
| 20 | Refundable credits from: | | | | |
| a | Form 2439 | 20a | | | |
| b | Form 4136 | 20b | | | |
| c | Form 8827, line 5c | 20c | | | |
| d | Other (attach statement - see instructions) | 20d | | | |
| 21 | **Total credits.** Add lines 20a through 20d | | | 21 | |
| 22 | 2019 net 965 tax liability from Form 965-B, Part I, column (d), line 3. See instructions | | | 22 | |
| 23 | **Total payments, credits, and section 965 net tax liability.** Add lines 19, 21, and 22. Enter here and on page 1, line 33 | | | 23 | |

**Schedule K** | **Other Information** (see instructions)

| | | Yes | No |
|---|---|---|---|
| 1 | Check accounting method: a [ ] Cash b [X] Accrual c [ ] Other (specify) ▶ | | |
| 2 | See the instructions and enter the: | | |
| | a Business activity code no. ▶ 551112 | | |
| | b Business activity ▶ HOLDING COMPANY | | |
| | c Product or service ▶ SERVICE | | |
| 3 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? If "Yes," enter name and EIN of the parent corporation ▶ | | X |
| 4 | At the end of the tax year: | | |
| | a Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) | | X |
| | b Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) | X | |
| 5 | At the end of the tax year, did the corporation: | | |
| | a Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below. | X | |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| SEE STATEMENT 1 | | | |
| | | | |
| | | | |

| | Yes | No |
|---|---|---|
| b Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below. | X | |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| [redacted] | [redacted] | UNITED STATES | [redacted] |
| | | UNITED STATES | |
| | | | |

| | | Yes | No |
|---|---|---|---|
| 6 | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? See sections 301 and 316. If "Yes," file **Form 5452**, Corporate Report of Nondividend Distributions. See the instructions for Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary. | | X |
| 7 | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of the total voting power of all classes of the corporation's stock entitled to vote or at least 25% of the total value of all classes of the corporation's stock? For rules of attribution, see section 318. If "Yes," enter: (a) Percentage owned ▶ and (b) Owner's country ▶ (c) The corporation may have to file **Form 5472**, Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ | | X |
| 8 | Check this box if the corporation issued publicly offered debt instruments with original issue discount ▶ [ ] If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| 9 | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ | | |
| 10 | Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ 1 | | |
| 11 | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ [X] If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid. | | |
| 12 | Enter the available NOL carryover from prior tax years (do not reduce it by any deduction reported on page 1, line 29a.) ▶ $ | | |

**Schedule K** | **Other Information** *(continued from page 4)*

| | | Yes | No |
|---|---|---|---|
| 13 | Are the corporation's total receipts (page 1, line 1a, plus lines 4 through 10) for the tax year and its total assets at the end of the tax year less than $250,000? | | X |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year ▶ $ | | |
| 14 | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement? See instructions | | X |
| | If "Yes," complete and attach Schedule UTP. | | |
| 15a | Did the corporation make any payments in 2019 that would require it to file Form(s) 1099? | X | |
| b | If "Yes," did or will the corporation file required Form(s) 1099? | X | |
| 16 | During this tax year, did the corporation have an 80%-or-more change in ownership, including a change due to redemption of its own stock? | | X |
| 17 | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non-taxable, or tax deferred transaction? | | X |
| 18 | Did the corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million? | | X |
| 19 | During the corporation's tax year, did the corporation make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474) of the Code? | | X |
| 20 | Is the corporation operating on a cooperative basis? | | X |
| 21 | During the tax year, did the corporation pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions | | X |
| | If "Yes," enter the total amount of the disallowed deductions ▶ $ | | |
| 22 | Does the corporation have gross receipts of at least $500 million in any of the 3 preceding tax years? (See sections 59A(e)(2) and (3)) | | X |
| | If "Yes," complete and attach Form 8991. | | |
| 23 | Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions | | X |
| 24 | Does the corporation satisfy one or more of the following? See instructions | | X |
| a | The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense. | | |
| b | The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the corporation has business interest expense. | | |
| c | The corporation is a tax shelter and the corporation has business interest expense. | | |
| | If "Yes," to any, complete and attach Form 8990. | | |
| 25 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund? | | X |
| | If "Yes," enter amount from Form 8996, line 14 ▶ $ | | |



911633
12-30-19

**SCHEDULE G (Form 1120)**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

# Information on Certain Persons Owning the Corporation's Voting Stock

▶ Attach to Form 1120.

OMB No. 1545-0123

Name
KICVENTURES LLC
C/O KIC MANAGEMENT GROUP, INC.

**Employer identification number (EIN)**
[redacted]

**Part I** **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II** **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| KINGSLEY INVESTMENT COMPANY LLC | [redacted]2 | UNITED STATES | 100.00% |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Form **1040** Department of the Treasury - Internal Revenue Service (99)

**U.S. Individual Income Tax Return** **2019** OMB No. 1545-0074 IRS Use Only - Do not write or staple in this space.

**Filing Status** Check only one box. ☐ Single ☐ Married filing jointly ☐ Married filing separately (MFS) ☒ Head of household (HOH) ☐ Qualifying widow(er) (QW)

If you checked the MFS box, enter the name of spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| KINGSLEY | CHIN | [redacted] |
| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
| Home address (number and street). If you have a P.O. box, see instructions. [redacted] | Apt. no. | **Presidential Election Campaign** Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). [redacted] | | |
| Foreign country name | Foreign province/state/county / Foreign postal code | If more than four dependents, see instructions and ✓ here ▶ ☐ |

**Standard Deduction** Someone can claim: ☐ You as a dependent ☐ Your spouse as a dependent
☐ Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness** You: ☐ Were born before January 2, 1955 ☐ Are blind **Spouse:** ☐ Was born before January 2, 1955 ☐ Is blind

| Dependents (see instructions): (1) First name / Last name | (2) Social security number | (3) Relationship to you | (4) ✓ if qualifies for (see instructions): Child tax credit | Credit for other dependents |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | | |
| | | | | |
| | | | | |
| | | | | |

| Line | Description | | | Line | Amount |
|---|---|---|---|---|---|
| 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 STMT 1 | | | 1 | 849,889. |
| 2a | Tax-exempt interest | 2a | b Taxable interest. Attach Sch. B if required | 2b | 8,745. |
| 3a | Qualified dividends | 3a | b Ordinary dividends. Attach Sch. B if required | 3b | |
| 4a | IRA distributions | 4a | b Taxable amount | 4b | |
| c | Pensions and annuities | 4c | d Taxable amount | 4d | |
| 5a | Social security benefits | 5a | b Taxable amount | 5b | |
| 6 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | | | 6 | -3,000. |
| 7a | Other income from Schedule 1, line 9 | | | 7a | -938,081. |
| b | Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income** ▶ | | | 7b | -82,447. |
| 8a | Adjustments to income from Schedule 1, line 22 | | | 8a | |
| b | Subtract line 8a from line 7b. This is your **adjusted gross income** ▶ | | | 8b | -82,447. |
| 9 | **Standard deduction or itemized deductions** (from Schedule A) | 9 | 57,185. | | |
| 10 | Qualified business income deduction. Attach Form 8995 or Form 8995-A | 10 | | | |
| 11a | Add lines 9 and 10 | | | 11a | 57,185. |
| b | **Taxable income.** Subtract line 11a from line 8b. If zero or less, enter -0- | | | 11b | 0. |

Standard Deduction for -
- Single or Married filing separately, $12,200
- Married filing jointly or Qualifying widow(er), $24,400
- Head of household, $18,350
- If you checked any box under Standard Deduction, see instructions.

LHA **For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.** Form **1040** (2019)

913921 12-19-19

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 12a | **Tax** (see inst.) Check if any from Form(s): 1 ☐ 8814 2 ☐ 4972 3 ☐ | 12a | 0. | | |
| b | Add Schedule 2, line 3, and line 12a and enter the total ▶ | | | 12b | 0. |
| 13a | Child tax credit or credit for other dependents | 13a | | | |
| b | Add Schedule 3, line 7, and line 13a and enter the total ▶ | | | 13b | |
| 14 | Subtract line 13b from line 12b. If zero or less, enter -0- | | | 14 | 0. |
| 15 | Other taxes, including self-employment tax, from Schedule 2, line 10 | | | 15 | 5,849. |
| 16 | Add lines 14 and 15. This is your **total tax** ▶ | | | 16 | 5,849. |
| 17 | Federal income tax withheld from Forms W-2 and 1099 SEE STATEMENT 2 | | | 17 | 206,477. |
| 18 | Other payments and refundable credits: | | | | |
| a | Earned income credit (EIC) | 18a | | | |
| b | Additional child tax credit. Attach Schedule 8812 | 18b | 4,200. | | |
| c | American opportunity credit from Form 8863, line 8 | 18c | | | |
| d | Schedule 3, line 14 | 18d | 255,202. | | |
| e | Add lines 18a through 18d. These are your **total other payments and refundable credits** ▶ | | | 18e | 259,402. |
| 19 | Add lines 17 and 18e. These are your **total payments** ▶ | | | 19 | 465,879. |

• If you have a qualifying child, attach Sch. EIC.
• If you have nontaxable combat pay, see instructions

## Refund

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 20 | If line 19 is more than line 16, subtract line 16 from line 19. This is the amount you **overpaid** | | | 20 | 460,030. |
| 21a | Amount of line 20 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | | | 21a | 460,030. |
| ▶ b | Routing number ▶ c Type: ☐ Checking ☐ Savings | | | | |
| ▶ d | Account number | | | | |
| 22 | Amount of line 20 you want **applied to your 2020 estimated tax** ▶ | 22 | | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 23 | **Amount you owe.** Subtract line 19 from line 16. For details on how to pay, see instructions ▶ | | | 23 | |
| 24 | Estimated tax penalty (see instructions) ▶ | 24 | | | |

## Third Party Designee

(Other than paid preparer)

Do you want to allow another person (other than your paid preparer) to discuss this return with the IRS? See instructions ☐ **Yes.** Complete below. ☐ **No**

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature | Date | Your occupation: SURGEON | If the IRS sent you an Identity Protection PIN, enter it here (see inst.)

Joint return? See instructions. Keep a copy for your records.

Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.)

Phone no. | Email address

## Paid Preparer Use Only

| Preparer's name | Preparer's signature | Date | PTIN | Check if: |
|---|---|---|---|---|
| ROBERT F. PAGANO | ROBERT F. PAGANO | 11/17/20 | [redacted] | ☒ 3rd Party Designee ☐ Self-employed |

Firm's name ▶ ROBERT F. PAGANO & ASSOCIATES, P.C.

Phone no. [redacted]

Firm's EIN ▶ [redacted]

Firm's address ▶ 142 COMMERCIAL ST. BOSTON, MA 02109



913922 12-02-19

SCHEDULE C (Form 1040 or 1040-SR)
Department of the Treasury Internal Revenue Service (99)

# Profit or Loss From Business

(Sole Proprietorship)

▶ Go to www.irs.gov/ScheduleC for instructions and the latest information.
▶ Attach to Form 1040, 1040-SR, 1040-NR, or 1041; partnerships generally must file Form 1065.

OMB No. 1545-0074
2019
Attachment Sequence No. 09

Name of proprietor: KINGSLEY CHIN
Social security number (SSN): [redacted]

A Principal business or profession, including product or service (see instructions): INVESTMENTS
B Enter code from instructions ▶ 523900

C Business name. If no separate business name, leave blank.: KINGSLEY INVESTMENT COMPANY LLC (KIC)
D Employer ID number (EIN) (see instr.): [redacted]

E Business address (including suite or room no.) ▶ 350 MAIN STREET
City, town or post office, state, and ZIP code: MALDEN, MA 02148

F Accounting method: (1) ☐ Cash (2) ☒ Accrual (3) ☐ Other (specify) ▶

G Did you "materially participate" in the operation of this business during 2019? If "No," see instructions for limit on losses ☒ Yes ☐ No

H If you started or acquired this business during 2019, check here ▶ ☐

I Did you make any payments in 2019 that would require you to file Form(s) 1099? (see instructions) ☐ Yes ☒ No

J If "Yes," did you or will you file required Forms 1099? ☐ Yes ☐ No

## Part I Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked ▶ ☐ | 1 | |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | |
| 4 | Cost of goods sold (from line 42) | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3 | 5 | |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) SEE STATEMENT 5 | 6 | 990. |
| 7 | **Gross income.** Add lines 5 and 6 ▶ | 7 | 990. |

## Part II Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising | 8 | | 18 | Office expense | 18 | |
| 9 | Car and truck expenses (see instructions) | 9 | | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion | 12 | | b | Other business property | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | | 21 | Repairs and maintenance | 21 | |
| 14 | Employee benefit programs (other than on line 19) | 14 | | 22 | Supplies (not included in Part III) | 22 | |
| 15 | Insurance (other than health) | 15 | | 23 | Taxes and licenses | 23 | |
| 16 | Interest (see instructions): | | | 24 | Travel and meals: | | |
| a | Mortgage (paid to banks, etc.) | 16a | | a | Travel | 24a | |
| b | Other | 16b | | b | Deductible meals (see instructions) | 24b | |
| 17 | Legal and professional services | 17 | | 25 | Utilities | 25 | |
| | | | | 26 | Wages (less employment credits) | 26 | |
| | | | | 27 a | Other expenses (from line 48) | 27a | 153. |
| | | | | b | **Reserved for future use** | 27b | |

| | | | |
|---|---|---|---|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a ▶ | 28 | 153. |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | 29 | 837. |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions). **Simplified method filers only:** enter the total square footage of: (a) your home: ____ and (b) the part of your home used for business: ____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29. • If a profit, enter on both **Schedule 1 (Form 1040 or 1040-SR), line 3** (or **Form 1040-NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.** • If a loss, you **must** go to line 32. | 31 | 837. |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions). • If you checked 32a, enter the loss on both **Schedule 1 (Form 1040 or 1040-SR), line 3** (or **Form 1040-NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.** • If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | 32a ☐ All investment is at risk. 32b ☐ Some investment is not at risk. | |

## Part III | Cost of Goods Sold (see instructions)

33 Method(s) used to value closing inventory: a ☐ Cost b ☐ Lower of cost or market c ☐ Other (attach explanation)

34 Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation ☐ Yes ☐ No

| | | |
|---|---|---|
| 35 Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 35 | |
| 36 Purchases less cost of items withdrawn for personal use | 36 | |
| 37 Cost of labor. Do not include any amounts paid to yourself | 37 | |
| 38 Materials and supplies | 38 | |
| 39 Other costs | 39 | |
| 40 Add lines 35 through 39 | 40 | |
| 41 Inventory at end of year | 41 | |
| 42 **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on line 4 | 42 | |

## Part IV | Information on Your Vehicle.

Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43 When did you place your vehicle in service for business purposes? (month, day, year) ▶ / /

44 Of the total number of miles you drove your vehicle during 2019, enter the number of miles you used your vehicle for:

a Business ______ b Commuting ______ c Other ______

45 Was your vehicle available for personal use during off-duty hours? ☐ Yes ☐ No

46 Do you (or your spouse) have another vehicle available for personal use? ☐ Yes ☐ No

47a Do you have evidence to support your deduction? ☐ Yes ☐ No

b If "Yes," is the evidence written? ☐ Yes ☐ No

## Part V | Other Expenses.

List below business expenses not included on lines 8-26 or line 30.

| | | |
|---|---|---|
| BANK CHARGES | | 153. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 48 **Total other expenses.** Enter here and on line 27a | 48 | 153. |

808528C 980701

TX2020 05-102
Ver. 11.0 (Rev.9-15/33)

# Texas Franchise Tax Public Information Report

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions*

■ Tcode 13196

■ Taxpayer number [redacted]

■ Report year 2020

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

| | |
|---|---|
| Taxpayer name SPINEFRONTIER, INC. | ■ ☐ Check box if the mailing address has changed. |
| Mailing address 350 MAIN STREET 2ND FLOOR | Secretary of State (SOS) file number or Comptroller file number [redacted] |
| City MALDEN State MA ZIP code plus 4 02148 | |

☐ Check box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| | |
|---|---|
| Principal office | 350 MAIN STREET 2ND FLOOR, MALDEN, MA 02148 |
| Principal place of business | 350 MAIN STREET 2ND FLOOR, MALDEN, MA 02148 |

[redacted]

You must report officer, director, member, general partner and manager information as of the date you complete this report.

***Please sign below!***

**This report must be signed to satisfy franchise tax requirements.**

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| KINGSLEY CHIN | PRESIDENT | ☐ YES | |
| Mailing address 3328 NE 16TH CT | City FORT LAUDERDALE | State FL | ZIP Code 33305 |
| Name | Title | Director ☐ YES | Term expiration (m m d d y y) |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ☐ YES | Term expiration (m m d d y y) |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| KICVENTURES LLC | DE | | 97.25 |

Registered agent and registered office currently on file (see instructions if you need to make changes)

Agent:

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

Office: City State ZIP Code

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title PRESIDENT | Date | Area code and phone number (978) 232-3990 |
|---|---|---|---|

Texas Comptroller Official Use Only

VE/DE ☐ PIR IND ☐

1019